■ In the Matter of REUBEN MICHAELSON, Appellant, v NEW YORK CITY POLICE DEPARTMENT, LICENSE DIVISION, et al., Respondents.—Judgment, Supreme Court, New York County, entered November 10, 1975, dismissing the petition, unanimously reversed, on the law, and vacated, the petition granted, and the determination of the commissioner annulled, without costs or disbursements. Appeal from an order of the Supreme Court, New York County, entered July 30, 1975, denying a motion for reargument, unanimously dismissed as nonappealable, without costs or disbursements. The petitioner had held an unrestricted pistol permit for approximately 19 years. In June, 1974, he was involved in an automobile accident. The driver of the other car involved approached petitioner brandishing a lead pipe. Petitioner displayed his pistol but did not draw it. A crowd began to gather and again petitioner displayed his pistol. Four New Jersey detectives happened by and dispersed the crowd. The New York City police then arrived on the scene (after a radio call for assistance was sent by the detectives), and petitioner was arrested for menacing. This charge was subsequently dropped. A hearing was then held by the respondent with regard to petitioner's pistol permit. He was notified to resubmit his license, and the restriction "valid for business purposes only" was added to it. The incident giving rise to this restriction being imposed took place on a Sunday night, and the respondents urge that the petitioner had no reason to be carrying his gun. The commissioner in his discretion may limit the use of a pistol by a licensed pistol carrier, but exercise of that discretion must have a rational basis. The record does not persuasively reveal that a rational basis, which is a prerequisite for the commissioner's determination, existed in the case at bar. To the contrary, there was adequate showing that petitioner had reason to be in fear of his personal safety; that he only displayed his pistol but did not remove it or use it improperly; and that the four detectives arriving on the scene had to protect petitioner from the crowd. We have accordingly directed that the determination be annulled. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.