E. Leo Milonas, J.
The defendant was indicted on June 21, 1977 for criminal possession of a weapon in the second degree, in violation of section 265.03 of the Penal Law, arising from an altercation with the complainant, a woman with whom he had admittedly been having a romantic relationship. He now moves to dismiss the indictment on the ground that prosecution is barred under section 265.20 (subd a, par 3) of the Penal Law, which states that section 265.03, among others, shall not apply to “[possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00”.
Although the defendant acknowledges that he was in possession of a pistol at the time in question, he contends that he is a liquor salesman with a valid license to carry a gun, a fact which the People concede. They assert, however, that the defendant’s license only entitled him to possess a pistol in his home and that he was not in his home when he allegedly pointed a loaded gun at the complainant and her son. According to the District Attorney, the defendant’s illegal use of the weapon precludes him from availing himself of the statutory exemption. In support of his argument, he distinguishes between the various kinds of licenses authorized pursuant to subdivision 2 of section 400.00 of the Penal Law, claiming that the defendant did not have a license to carry a loaded pistol in a public place.
There do not appear to be any cases defining the parameters of the exemption section of the weapons provisions in situations where the defendant, possessing a license pursuant to section 400.00 of the Penal Law, nonetheless makes use of that weapon in an otherwise unlawful manner. Reluctantly, the court must conclude that section 265.20 (subd a, par 3) of the Penal Law establishes a blanket exemption, since it neither differentiates between types of licenses nor between degrees of possession, including those, such as section 265.03 *365 of the Penal Law, which require unlawful intent as an element of the crime. The result here, undesirable as it may be, and surely not one intended by the Legislature, unfortunately is mandated by the wording of the statute. The appropriate— and remaining — remedy for the improper use of a weapon under the instant circumstances is the administrative procedure of license revocation and/or criminal prosecution for menacing, assault and harassment, three of the charges present in the initial criminal court accusatory instrument which, for some reason, were omitted from the indictment.
Consequently, the defendant’s motion to dismiss is granted under CPL 210.20 (subd [h]) in that there exists some "jurisdictional or legal impediment to conviction of the defendant for the offense charged”.