THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LINCOLN PARKER, Respondent.

First Department, October 30, 1979

### APPEARANCES OF COUNSEL

*Benjamin H. Green* of counsel (*Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for appellant.

*Daniel J. Gotlin* for respondent.

OPINION OF THE COURT

SILVERMAN, J.

The People appeal from an order of the Supreme Court, Trial Term, dismissing the indictment before trial pursuant to CPL 210.20 (subd 1, par [h]) i.e.: "(h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged".

Defendant was indicted for criminal possession of a weapon in the second degree as defined in section 265.03 of the Penal Law, i.e., possession of a loaded firearm, to wit, a pistol, "with intent to use the same unlawfully against another." Defendant moved to dismiss the indictment on the ground that defendant had a license for this weapon, issued under section 400.00 of the Penal Law, and therefore section 265.03 did not apply to his possession of the weapon under the express exemption in section 265.20 (subd a, par 3) of the Penal Law. The Trial Term agreed with this contention and dismissed the indictment.

We note to begin with that the record leaves something to be desired as to establishing the basic facts as to the license. Defendant submitted an affidavit in which he said that at the relevant date he had a license issued pursuant to section 400.00 of the Penal Law, and that that license was now in the possession of the police. In a memorandum of law, however, defendant's attorney qualifies this statement by saying that defendant possessed an on-premises license and a target license. The District Attorney submitted a memorandum of law in which, conceding that the defendant had a valid license, the statement was made that the license did not entitle the defendant to carry a concealed loaded weapon on a public street, "as the indictment alleges he did" (which it does not, although the criminal court complaint does seem to indicate that the offense is alleged to have been committed on a public street). The record does not contain a copy of the license and apparently none was before the Trial Term Justice. Statements in memoranda of law are not the way to present to the court record facts upon which the court is asked to make a determination.

However, the Trial Term and the parties all assumed—and it does not appear to be disputed—that defendant had a limited firearm license issued under section 400.00 of the Penal Law, which did not permit him to carry a loaded pistol on a public street, and that he was in fact carrying such a

loaded pistol on a public street at the time of the incident referred to in the indictment. In our view the exemption of section 265.20 (subd a, par 3) with respect to persons to whom a license for possession of a pistol or revolver has been issued as provided under section 400.00, does not preclude prosecution for violation of section 265.03 where the weapon is carried in violation of the limitations or conditions of the license issued. We think that in general the fair meaning and application of section 265.20 (subd a, par 3), which provides that certain sections, including section 265.03, shall not apply to possession "by a person to whom a license therefor has been issued as provided under section 400.00," is that that exemption relates to a weapon carried within the limitations and conditions of the license issued under section 400.00 and not to possession of a weapon carried in violation of those limitations and conditions. As to such unauthorized possession, no license "therefor" has been issued under section 400.00.

Our dissenting brother points to the exception to immunity explicitly referred to in section 265.20 (subd a, par 3) with respect to the offense defined in subdivision (3) of section 265.01 of the Penal Law, possession of a weapon on university or school grounds. But that exception is intended to indicate one situation in which there is no immunity even where the license is unrestricted. It is quite another thing to infer from that exception that in other situations the immunity extends even to carrying a weapon in violation of the restrictions in the license.

Subdivision 15 of section 400.00 of the Penal Law provides that any violation of any provision of that section is a class A misdemeanor. The meaning and applicability of that subdivision are extremely unclear. Section 400.00 covers almost seven pages in McKinney's Consolidated Laws, including such things as form of applications, investigation, exhibition and displaying of license, fees, etc. The section is concerned with licensing. It appears in Part Four of the Penal Law entitled "Administrative Provisions." While subdivision 2 of section 400.00 specifies types of licenses, the section does not explicitly forbid the carrying of a weapon with or without a license, or within or without the limitations of the license. The express prohibitions against, and *offenses* related to, carrying weapons are contained in article 265 of the Penal Law which is under Part Three "Specific Offenses," Title P, "Offenses Against Public

Safety." It is thus unlikely that the penal sanction for carrying a weapon in violation of the limitations or conditions of a license is the misdemeanor provision of subdivision 15 of section 400.00.

But assuming that this misdemeanor penalty applies to violation of the limitations and conditions of the license, that should not prevent more severe criminal liability with respect to criminal offenses which involve elements additional to those specified in section 400.00. Here defendant is charged with violation of section 265.03, i. e., possession of a weapon "with intent to use the same unlawfully against another." As in other crimes defined by our statutes, the additional aggravating element raises the classification or degree of the crime.

No doubt the statute could have been drawn more carefully to eliminate the logical and verbal difficulties that troubled the Trial Term Justice. For example, it is hard to see why even possession of an unlimited license should exempt one from section 265.03 which penalizes possession of a loaded firearm "with intent to use the same unlawfully against another." But we see no difficulty about holding that the exemption simply does not apply when the possession is in violation of the limitations and conditions of the license. As to such possession, the possessor is in legal effect not "a person to whom a license therefor has been issued."

For the reasons we have stated, we think nothing in the statute precludes that interpretation. We therefore do not feel compelled to read into the statute the contrary interpretation which the Trial Term Justice made "reluctantly" and which he agreed was "undesirable" and "surely not one intended by the Legislature."

The order of the Supreme Court, New York County (MILONAS, J.), entered September 2, 1977, dismissing the indictment pursuant to CPL 210.20 (subd 1, par [h]) should be reversed, on the law, the motion to dismiss denied, and the indictment reinstated, without prejudice to a new motion based on materially different facts, if any, properly established of record.

BLOOM, J. (concurring). While I agree with the result reached by my brother SILVERMAN, I do so on the limited ground only that here the defendant is charged with possession of a weapon "with intent to use the same unlawfully against another". This allegation, when added to the failure to possess a license to "have and carry concealed, without regard

to employment or place of possession" (Penal Law, § 400.00, subd 2, par [e]) is sufficient to subject the defendant to prosecution for the crime here charged.

MARKEWICH, J. (concurring). I concur in the result arrived at by my brethren of the majority, but I differ from them slightly in my approach. In my view, the difficulty with this case derives from the tack taken below in considering this only as a weapon licensing case because the section under which defendant-respondent was charged is found in the article relating to weapons. It is actually not, the main thrust of the charge being intent to commit an assault. Had the assault actually been carried through, the defendant could not escape successful prosecution therefor merely because the weapon used was possessed under a valid license; it would be absurd to say that the Legislature intended so ludicrous a result. Nor is this to say for a moment that the statute is perfect and should not be clarified by a bit of rewording. I would add, however, that it is an axiom of construction that a statute must be read in such a way as to make sense, and it makes no sense whatever to construe this statute, imperfect as it may be, so as to condone incipient assault.

BIRNS, J. (dissenting). I dissent. The order of Trial Term dismissing the indictment was correct. My colleagues, in voting to reinstate the indictment, have refused to apply the exemption provided by section 265.20 (subd a, par 3) of the Penal Law to this prosecution under section 265.03. As a consequence, my colleagues have in effect substantially modified the provisions of section 265.20 (subd a, par 3).

The facts in this case are not in dispute. Defendant had a license issued under section 400.00 (subd 2, par [a]) entitling him to possess his pistol at his home. On June 15, 1977, while on a public street, defendant allegedly pointed the pistol at his girlfriend Winifred Garrison. On June 16, 1977 defendant was charged in a Criminal Court complaint with criminal possession of a weapon in the second degree, menacing, assault and harassment. The Grand Jury however returned an indictment charging defendant solely with the crime of criminal possession of a weapon in the second degree (Penal Law, § 265.03) in that he "possessed a loaded firearm, to wit, a pistol, with intent to use the same unlawfully against another." The record contains no explanation for the failure to charge defendant with any other violation of law.

Section 265.20 (subd a, par 3) of the Penal Law entitled "Exemptions" specifically provides, insofar as applicable here, that section 265.03 (and other sections pertaining to criminal possession of weapons) *"shall not apply to * * * possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00"* (emphasis added).

The motion to dismiss the indictment required the trial court to consider, as a threshold question, whether defendant fell within the exemption, i.e., whether he was a person to whom a license (for the particular weapon) had been issued under section 400.00 of the Penal Law. The court correctly concluded that the answer was yes. Having found the answer to the first question in the affirmative, the trial court was next required to consider whether the crime charged, to wit, violation of section 265.03 of the Penal Law, was within the ambit of the exemption. The court concluded that the crime came within the exemption, since the exemption as written "neither differentiates between types of licenses nor between degrees of possession, including those, such as section 265.03 of the Penal Law, which require unlawful intent as an element of the crime." (91 Misc 2d 363, 364-365.) From an examination of the pertinent sections of the Penal Law, the trial court's conclusions appear to be correct, a view which is fortified by language in subdivision 15 of section 400.00 which provides: "Any violation by any person of any provision of this section is a class A misdemeanor." However, my colleagues by applying statutory construction and divining legislative intent, choose to characterize as felonious, conduct which has statutorily been denominated that of a misdemeanant. This court should not, by judicial fiat, correct what it perceives to be the deficiencies in the statutory scheme by effectively writing a substantial modification into the exemption statute, which was not enacted by the Legislature as part of that statute.

In my view, the determination of the trial court is correct, for the following reasons:

(1) The plain language of section 265.20 (subd a, par 3) provides that section 265.03 shall not apply to possession of a pistol or revolver by a person to whom a license therefor has been issued pursuant to section 400.00. It cannot be denied that in the case before us a license for possession of the weapon had been issued to defendant pursuant to section 400.00.

(2) If the Legislature had meant to allow prosecution for a violation of section 265.03 in circumstances where possession of the weapon by the licensee is alleged to have occurred outside the geographical area permitted by the license, the Legislature could have provided for such prosecution merely by stating in section 265.20 (subd a, par 3) that criminal prosecution for that offense shall be prohibited only where the possession charged is within the geographical area specified in the license (see *People v Gottlieb,* 36 NY2d 629, 632-633).

(3) The statute does provide one exception to the exemption, namely, that a license shall not preclude a conviction for the offense defined in subdivision (3) of section 265.01 (possession of a weapon on university or school grounds). Thus the Legislature did consider exceptions to the immunity granted by section 265.20 (subd a, par 3). The Legislature did not go on to provide, as it could have done so easily, that the statute shall not immunize prosecution for a possessory crime committed in a location outside the geographical area specified in the license, or that the statute shall not apply to a licensed person charged with possession of a weapon "with intent to use the same unlawfully against another."

(4) If one were to agree that it is unclear whether the Legislature intended to treat a person who did have a license, but possessed the weapon outside the geographical limits specified in his license, as if he were a person with no license at all,* any doubts as to the meaning of the legislation should be resolved against the State and in favor of defendant upon the familiar principle that "a criminal statute must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed" *(People v Byron,* 17 NY2d 64, 66).

(5) I cannot, as the majority does, cavalierly disregard subdivision 15 of section 400.00 of the Penal Law as being extremely unclear. The Legislature stated in subdivision 15 of section 400.00 that a violation of any provision of section

---

* The majority explicitly adopts this construction. Thus, a person licensed to possess a loaded firearm in his home, but who steps one foot out the door with the firearm, automatically becomes a class D felon subject to seven years' imprisonment (Penal Law, § 265.02, subd [4]) as well as other penalties and forfeitures (e. g., automatic disbarment if he were a lawyer). I will not so easily presume that the Legislature intended to treat the possessor of a firearm in such circumstances as "not * * * a person to whom a license therefor has been issued", and the harsh consequences which would result therefrom, in construing the meaning of section 265.20 (subd a, par 3). (See *People v Serrano,* 71 AD2d 258.)

400.00 is a class A misdemeanor. Contrary to the statement contained in the majority opinion, section 400.00 does forbid the carrying of a weapon without a license, or without the limitations of the license, in the following language: "Every licensee while carrying a pistol or revolver shall have on his person a license to carry the same. Every person licensed to possess a pistol or revolver on particular premises shall have the license for the same on such premises." (Penal Law, § 400.00, subd 8.) The fact that subdivision 15 of section 400.00 appears at the end of seven pages in McKinney's Consolidated Laws, pages which discuss such items as application forms, investigation, exhibition, displaying of licenses, expenses and fees cannot support a conclusion that the vitality of subdivision 15 of section 400.00 is questionable as a sanction in the instant case.

(6) The majority appears troubled by policy considerations inherent in providing an exemption from prosecution to a person charged with a violation of section 265.03 of the Penal Law, even when that person possesses an unlimited license. Good policy or bad policy—that is what the statute says. Courts should not torture clear statutory language to mean what it does not say, in the dubious interest of reaching a result which the court perceives to be more desirable.

Although it is my view that in this case defendant cannot be prosecuted for a violation of section 265.03, there are indeed remedies available for the improper use of the weapon or violation of the license, i.e., the administrative procedure of license revocation, or criminal prosecution for menacing, attempted assault, harassment or the violation under subdivision 15 of section 400.00—charges which were omitted from the indictment.

MURPHY, P. J., concurs with SILVERMAN, J.; BLOOM and MARKEWICH, JJ., concur in separate opinions; BIRNS, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on September 2, 1977, reversed, on the law, the motion to dismiss denied, and the indictment reinstated, without prejudice to a new motion based on materially different facts, if any, properly established of record.