OPINION OF THE COURT
Ernst H. Rosenberger, J.
Joseph Fina has been indicted, charged with grand larceny in the first degree by extortion, bribe receiving in the second degree, three counts of official misconduct, grand larceny in the third degree, criminal sale of marihuana in the fifth degree, criminal possession of stolen property in the second degree, and unlawfully disposing of a weapon. It is alleged that the defendant, a police officer, acting together with another, stole a gun and money by threatening the owner with arrest if he did not turn the said property over to them. It is also alleged that the defendant stole marihuana from a person, refrained from arresting him for its possession and sold the marihuana to another. Further, it is alleged that defendant knowingly possessed a stolen revolver, failed to voucher it, and unlawfully gave it to another.
The testimony before the Grand Jury with reference to the stolen revolver and related counts shows that the defendant, fearing he might be taken into custody in connection with an investigation into certain police activities, asked another police officer (who, unknown to defendant, was an undercover officer from the Internal Affairs Division) to keep for him an unauthorized "saver” pistol. A "saver” pistol, sometimes also referred to as a "throw-away gun”, is described as one which is sometimes carried by a few police officers in addition to their registered and authorized weapons. It is intended to be available to plant upon an arrested or injured person in order to justify improper actions which the officer may have taken against that person. Evidence further showed that the subject *954 pistol had been stolen from its owner in the State of Florida. The defendant told the undercover officer that he had paid $150 for the weapon "on the street.”
The gravamen of criminal possession of stolen property is possession of stolen property with knowledge of its stolen character. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.40, p 241.) The element of knowledge of the stolen character of the property is essential. If legal evidence to establish that element is not presented to the Grand Jury, an indictment for that crime may not stand. (People v Kennedy, 56 AD2d 935.) In the instant case no direct evidence of such knowledge was presented to the Grand Jury.
It might be argued that the defendant’s statements to the undercover officer regarding the fact that the pistol in question was a "saver” might constitute some circumstantial evidence of his knowledge of its having been stolen. This could be upon the theory that no one would use a properly owned and traceable weapon for such an evil purpose. That issue is not reached in this case.
The Grand Jury was given an instruction as to circumstantial evidence. This instruction was specifically limited by the Assistant Special Prosecutor to apply only to the count charging criminal sale of marihuana. There was thus no instruction regarding circumstantial evidence as to the three counts involving the pistol.
In People v Port (NYLJ, Oct. 8, 1976, p 7, cols 1, 4, p 11, col 1), Justice Sandler wrote: "[T]he prosecutor wholly failed to instruct the jury as to the requirements of legal sufficiency in a circumstantial evidence case. This omission might not have been legally significant in a case where the inference of guilt was clearly sustained by the evidence. In this case, where the evidence at best made out a marginally sufficient case, and may well have fallen short of that, the failure to instruct the jury on the standard to be applied effectively deprives of legal significance the factual determination implicit in the indictment (see People v. Smith, N.Y.L.J. March 16, 1976 [N.Y., 1976]; People v. Mackey, 82 Misc. 2d 766 [County Court, Suffolk Cty., 1975]; People v. Ferrara, 82 Misc. 2d 270 [County Court, Nassau Cty., 1975]; cf. People v. Percy, 45 A.D. 2d 284 [2d Dept., 1974]).”
Since there was no direct evidence of the defendant’s knowledge of the stolen character of the revolver, and only scant *955 circumstantial evidence of it, without a proper charge regarding circumstantial evidence, the count charging criminal possession of stolen property is dismissed.
The charge of official misconduct for failing to voucher stolen property coming into the defendant police officer’s custody is, of course, also bottomed on his knowledge that the property was stolen. This count must then also be dismissed.
The defendant is charged with unlawfully disposing of a weapon (Penal Law, § 265.10, subd 4) in giving the "saver” to the undercover officer. Section 265.20 (subd a, par 1, cl [a]) of the Penal Law exempts "peace officers” from the proscriptions of section 265.10 of the Penal Law. CPL 1.20 (subd 33, par [a]) defines "peace officer” to include "police officer”. The evidence before the Grand Jury showed that the defendant was a police officer. The Grand Jury was not told of the exemption contained in section 265.20. This count cannot stand and is dismissed.
The altogether nefarious (and probably very rare) practice of carrying "savers” as above described is to be condemned and should not go unpunished. The Penal Law of the State of New York, by the blanket exemption to peace officers contained in section 265.20, in effect permits it. No matter what the evil purpose or intent with which a peace officer may possess or dispose of a weapon, unauthorized by his employer, the possession or disposition is not prohibited by law. He is exempt from prosecution for a possessory weapons crime and for unlawfully disposing of a weapon, even though he may have specific criminal intent. This is unjust and inequitable. The fact that a member of the police department may be disciplined by the commissioner for violation of department regulations (e.g., Patrol Guide, §§ 105-1, 120-22) does not appear sufficient to deal with the situation.
The Legislature has, last week, taken steps to strengthen the law regarding weapons possession and sale. It has, however, permitted the blanket exemptions from prosecution for peace officers to remain in effect. There has, from time to time, been pending before the Legislature proposed legislation (e.g., S3719, A3952, 1973) which would correct this situation. Such legislation would permit possession by peace officers of weapons "authorized by regulation or order of his employer.” It would have prohibited possession of such weapons under circumstances evincing an attempt to use them unlawfully against another. Peace officers should be permitted to possess *956 any weapon which may be necessary for their protection and the proper discharge of their duties. The citizens of the State should not be rendered susceptible to any persons possessing weapons with pernicious intent, regardless of the employment of the possessor. It is entirely within the province and power of the Legislature to protect the public from such known and demonstrated dangers.
The defendant is also charged with criminal sale of marihuana in the fifth degree. This crime is defined in section 221.35 of the Penal Law as follows:
"A person is guilty of criminal sale of marihuana in the fifth degree when he knowingly and unlawfully sells, without consideration, one or more preparations, compounds, mixtures or substances of an aggregate weight of two grams or less containing marihuana or one cigarette containing marihuana.
"Criminal sale of marihuana in the fifth degree is a class B misdemeanor.”
Criminal sale of marihuana in the fourth degree is defined in section 221.40 of the Penal Law:
"A person is guilty of criminal sale of marihuana in the fourth degree when he knowingly and unlawfully sells marihuana except as provided in section 221.35 of this article.
"Criminal sale of marihuana in the fourth degree is a class A misdemeanor.”
The testimony before the Grand Jury would justify a finding that the defendant had sold an undetermined quantity of marihuana to another and had received consideration. The Grand Jury was instructed on the law as set forth in section 221.35, but not as set forth in section 221.40.
The attention of counsel for the prosecution and the defense was drawn to the situation and they were invited to make arguments. Neither could submit any cases in point. The defendant has argued that criminal sale of marihuana in the fifth degree is not a lesser included crime of criminal sale of marihuana in the fourth degree and, thus, the count charging it should not be permitted to stand.
A lesser included offense is defined as follows in CPL 1.20 (subd 37): " 'Lesser included offense.’ When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ In any case in which it is legally possible to attempt *957 to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”
Section 444 of the former Code of Criminal Procedure provided, in part: "Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto”. Under the Code of Criminal Procedure therefor, criminal sale of marihuana in the fifth degree would be included within criminal sale of marihuana in the fourth degree.
People v Moyer (27 NY2d 252) has demonstrated that the legislative intent to cover less serious conduct does not always result in the creations of a "lesser included offense.” Thus, the creation of the offense of harassment (Penal Law, § 240.25), while intended to cover "petty batteries” such as a "harmless shove or kick” (Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 240.25, p 300), did not create a lesser included offense of assault in the third degree (Penal Law, § 120.00). This is so since harassment requires an "intent to harass, annoy or alarm”, elements not required for assault. As a result it is not a lesser included offense as defined in CPL 1.20 (subd 37).
Here we are faced with an anomalous situation. The statutory definitions of crimes usually comprise only the elements of culpability required to establish them. In the instant case, what was intended to be a mitigating factor (the absence of consideration in a sale) has been added to the definition of a crime. It is thus entirely possible to commit the greater offense (criminal sale of marihuana in the fourth degree) without committing the lesser (criminal sale of marihuana in the fifth degree).
Since the evidence before the Grand Jury would support a charge of criminal sale of marihuana in the fourth degree, but not the fifth degree; and since the Grand Jury was instructed only as to the fifth degree, the count cannot stand. It is dismissed.
The evidence before the Grand Jury was sufficient to support the first, second, third, fourth and sixth counts of the indictment. As to those counts, the legal instructions given the grand jurors were adequate and proper. The fifth, seventh, eighth and ninth counts are dismissed. The Special Prosecutor may resubmit the fifth, seventh and ninth counts of the indictment to a Grand Jury.