OPINION OF THE COURT
Memorandum.
Order dismissing information affirmed.
Defendant was charged with criminal possession pf a weapon in the fourth degree (Penal Law, § 265.01). Concededly, although defendant possessed only a “target permit”, he was found in possession of the pistol when he was neither at nor in transit to or from a range. Defendant argues, however, that since he possessed a license, albeit limited in scope, he is immune from prosecution by virtue of subdivision 3 of section 265.20 of the Penal Law. The People, on the other hand, maintain that possession of a weapon in violation of the terms and conditions of the license is tantamount to possession without a license.
Where, as here, the gravamen of the charge' is “naked possession” as opposed to possession coupled with an intent to use the weapon unlawfully against another, the offense *212 is not cognizable under section 265.01 of the Penal Law, if the person had a license to possess the weapon. Rather, if the weapon was possessed in violation of the terms and conditions of the license the proper vehicle for prosecution is subdivision 15 of section 400.00 of the Penal Law (see People v Serrano, 71 AD2d 258, lv to app granted 48 NY2d 987).
Concur: Pino, P. J., Jones and Kunzeman, JJ.