OPINION OF THE COURT
Leslie Crocker Snyder, J.
Defendant, Frederick Moore, was charged in a felony complaint with criminal possession of a weapon in the third degree, Penal Law § 265.02, a class D felony.
This case raises issues of the court’s power to dispose of a felony complaint charging an armed felony offense at the misdemeanor level under two separate theories: first, by reduction to a misdemeanor weapons possession charge and second, by a misdemeanor prosecution under the weapons licensing provisions of the Penal Law.
FACTS
The defendant, Frederick Moore, lives in Bucks County, Pennsylvania, and works in New York City. In Pennsylvania, he owns two identical Llama .380 automatic pistols. The weapons differ only as to their serial numbers. Mr. Moore has a permit to carry either of these weapons on his person in Pennsylvania.
In New York City, Mr. Moore has a permit to keep one of these guns in his place of business. This form of permit is referred to as a “premises permit” to distinguish it from a “carry permit.”
*403 On August 5, 1983, the defendant was arrested in the Times Square area which is near his place of business. At the time of his arrest, Mr. Moore was in possession of a Llama .380 automatic, loaded with eight live rounds of ammunition. The weapon he was carrying was not the one listed on his New York registration form but differed only as to the serial number. The defendant was charged with being in possession of a loaded firearm not in his home or place of business and therefore was alleged to have violated Penal Law § 265.02 (4); that subdivision has been classified as a class D armed violent felony by Penal Law § 70.02 (1) (c).
REDUCTION
In light of the unusual factual circumstances, the People moved to reduce this case to criminal possession of a weapon in the fourth degree, Penal Law § 265.01, a class A misdemeanor.
The People’s motion to reduce was initially granted. The defendant never entered a plea of guilty to the original or reduced charges. Upon reconsideration, I find that this court lacks the power to grant such a reduction.
The actual procedure for reducing a felony complaint to a misdemeanor is governed by CPL 180.50. That statute was originally conceived as a tool to permit local criminal courts to screen felony complaints, and in appropriate cases, to order the reduction of charges to a misdemeanor level. This procedure would spare Grand Juries and superior courts from handling matters which should be resolved at the local criminal court level. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.50, p 134.)
Since 1978, the reduction of an armed felony offense to the misdemeanor level has been proscribed unless the local criminal court finds no reasonable cause to believe that an armed felony offense has been committed. Since no such finding can be made in this case, this court is without power to reduce the felony complaint. Under CPL 180.50, the fact that the People consented to and in fact initiated the reduction is irrelevant.
Although a reduction pursuant to CPL 180.50 is not available, the court must explore the possibility of a misdemeanor disposition under the licensing provisions of the Penal Law.
LICENSE
As the facts make clear, this defendant had a license issued pursuant to Penal Law § 400.00 to have a particular weapon in his place of business. Penal Law § 265.20 lists exemptions to prosecution for weapons possession. Paragraph (3) of that stat *404 ute provides exemption for “[possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00” of the Penal Law. It is clear to this court that the defendant did not have a license for the particular weapon at issue in his arrest here.
In People v Parker (52 NY2d 935 [1981], revg 70 AD2d 387 [1st Dept 1979]) and adopting dissenting opinion of Justice Birns, the defendant had a premises permit for a weapon which he took out of his home and with which he threatened to shoot his girlfriend. The court — after a lengthy discussion of Penal Law § 400.00 — held that in such a case the defendant could be tried for menacing, attempted assault and violation of the terms of his license but not for felony possession of a weapon. In the Parker case, of course, the defendant had a permit for the particular weapon used.
In People v Serrano (71 AD2d 258, 259 [1979], affd 52 NY2d 936 [1981]), the court held that felony weapons possession charges would not lie where the charge concerned “ ‘[possession of a pistol or revolver by a person to whom a license therefor has been issued’ ”. (Penal Law § 265.20 [a] [3].) In that case, the defendant had a “premises” license for the particular weapon in question and felony prosecution would not lie even though the defendant violated the terms of his license by possessing the weapon outside of his place of business.
Applicable statutes and case law spell out a clear policy of limiting to the misdemeanor level all prosecutions for the violation of weapons possession where a license is involved. Obviously, the weapon involved must be that which was registered. That policy cannot apply to the defendant at the bar, as he did not have a license for the weapon he was carrying.
The State has an interest in licensing firearms. Licensing allows the State to review the reasons individuals apply for a weapon permit, to determine the validity of those reasons, and ultimately to be informed of what individuals are legally armed and with what weapons. Under our statutory scheme, as discussed, the obtaining of a license for a weapon removes that license holder from prosecution under the felony weapons possession statute. The rationale for such leniency is that the owner of a licensed weapon has sought and received the State’s permission and approval prior to acquiring the weapon.
The defendant here had obtained a New York permit for one of his two guns but was carrying the unlicensed gun. The policy of leniency does not apply in this situation as the State had no *405 knowledge of that particular weapon and had not authorized its possession.
It may seem harsh to punish a defendant, at the felony level, for carrying a weapon different from but identical to the one for which he had obtained a license, especially since no use of the weapon is alleged. Nevertheless, the law in its present state so requires. Having applied for and received a license, the defendant must be held to abide by the terms of that license. It should be noted that the defendant had no permit to carry either of his two weapons in New York. Thus he violated the basic provision of the “premises” permit by carrying either one. Had he carried the licensed weapon, a misdemeanor prosecution would have been appropriate. The statute will forgive only one transgression of the specific terms of a weapons license.
This court lacks the power to dispose of this matter on the misdemeanor level on either of the theories discussed. The felony complaint is restored* and the People may proceed to present this matter to the Grand Jury.

 In Matter of Campbell v Pesce (60 NY2d 165 [1983]), an armed felony was illegally reduced to a misdemeanor. The defendant pleaded guilty and was sentenced upon the reduced charges. The Court of Appeals held that “[a]fter sentence has commenced” (supra, at p 167; emphasis added), the court which had accepted the illegal plea could not vacate it and reinstate the original charges. A plea to such an illegal charge could be vacated based upon the court’s inherent power only if such “vacatur occurred prior to the imposition of sentence” (supra, at p 169).
In the case at bar, while the charge was reduced in violation of the Criminal Procedure Law, the defendant did not enter a plea of guilty to the reduced charge.