OPINION OF THE COURT
Eli Lazarus, J.
On July 3, 1985, the defendant was arrested and charged *500 with violating Penal Law § 400.00 (17). Defendant, the holder of a valid target pistol license, was accused of possessing the "aforementioned pistol in his vehicle, in violation of said restricted license”.
The defendant has moved to dismiss the misdemeanor complaint pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); and 100.40 (1) (b) on the ground that the factual recitation does not support the charge contained in the accusatory portion of the instrument.
A brief survey of the relevant statutes and police administrative procedures relating to weapons is necessary to understand the legal issues involved.
Penal Law § 265.02 states that it is a class D felony to possess any loaded firearm in any place other than one’s "home or place of business”. Here, the defendant was carrying a loaded gun in his vehicle, an offense which would seemingly be violative of Penal Law § 265.02. However, the same statute, Penal Law § 265.20 (a) (3), contains an almost total blanket exemption from weapons violation liability (under Penal Law art 265) for those who possess pistols or revolvers and "to whom a license therefor has been issued as provided under section 400.00”.
What licenses are provided for in Penal Law article 400?
Penal Law § 400.00 (2) describes seven types of pistol (or revolver) licenses; the basic distinction among them is the right to "have and possess” in a limited geographical area (e.g., in a dwelling or a place of business) as opposed to the right to "have and carry concealed” (emphasis supplied), either in connection with one’s specific employment or, as defined in Penal Law § 400.00 (2) (f), "have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof’. The seven types of weapons described contain no mention of the type involved here, viz., a target pistol license. That license is issued with specific restrictions by the Police Commissioner who is denoted licensing officer for the City of New York (Penal Law § 265.00 [10]). A target pistol license is issued to one who wants to engage in competitive or just-for-sport shooting at an authorized pistol range. The holder is obliged to carry his weapon, unloaded, and in a locked box, to and from the pistol range. It may be noted, parenthetically, that the accusatory instrument here is not only inartfully drawn but is probably facially insufficient. Clearly, it is not a *501 violation of a target pistol license to carry a pistol in "his vehicle”. There is no requirement that one walk to the pistol range! Nor does the complaint here allege that the weapon was loaded or carried in any container other than a locked box. But there are more weighty legal concerns here than facial insufficiency.
The target license is not a "possess” license with extended geographical boundaries. While not too germane here, it is in reality a modified type of carry license, enabling one to carry a weapon without regard to employment but with limitations as to place of possession and terms of possession. It may only be carried to and from a pistol range and then only unloaded and in a locked container. The People’s memorandum of law (26 pages) while insisting that the target pistol license is essentially a hybrid between possession and carry types, realistically notes "left open is the question of how, without a carry privilege, one may lawfully transport a weapon to the range”. The target license, is viewed by the court as a carry type or Penal Law § 400.00 (2) (f) license (Federation of N. Y. State Rifle & Pistol Clubs v McGuire, 101 Misc 2d 104, 105; Hochreich v Codd, 68 AD2d 424).
The major cases in this area of the law have dealt with the question of the exemption from criminal liability under Penal Law article 265 for those who hold valid pistol licenses. In People v Parker (91 Misc 2d 363) Justice Milonas dismissed an indictment for violation of Penal Law § 265.03 (possession of a loaded firearm with intent to use the same unlawfully against another) in the case of a holder of a possess-at-home license who threatened his woman friend with the gun, on a city street. The Judge, ruefully, noted that Penal Law § 265.20 (a) (3) listed Penal Law § 265.03 as a section that did not apply to holders of pistol licenses. The Appellate Division reversed on the theory that one who violates the conditions of his pistol license is thereby transformed into an unlicensed possessor (People v Parker, 70 AD2d 387). Justice Birns dissented, noting that the exemption statute was unequivocal and unambiguous and that the majority was ruling by "judicial fiat” and not in accordance with clear statutory requirements. The Court of Appeals reversed on the opinion by Justice Birns (People v Parker, 52 NY2d 935). In People v Serrano (71 AD2d 258 [1st Dept]), the court now upholding Justice Milonas, dismissed an indictment for unlawful possession of a loaded gun in a car where the owner had a possess-on-premises license. The court theorized that this was naked possession (Penal Law § 265.02 *502 [4]) as opposed to the possession in Parker where the charge was Penal Law §265.03 or possession under circumstances evincing an intent to use unlawfully against another. People v Serrano preceded the holding of the Court of Appeals in People v Parker (52 NY2d 935, supra) which renders Penal Law article 265 unusable against a holder of a valid pistol license. People v Serrano was affirmed on the same dissenting opinion of Justice Birns (52 NY2d 936). In People v Ocasio (108 Misc 2d 211), the Appellate Term, Second Department, held that a charge of Penal Law § 265.01 did not apply to a target pistol licensee who was found to possess his gun other than in transit to or from a pistol range, essentially a similar fact pattern to that presented in this case. The court suggested however that where the "terms and conditions” of a license were violated, a charge of violation of Penal Law § 400.00 (15) might be appropriate. Justice Birns in his Parker dissent (People v Parker, 70 AD2d 387, 394, supra) suggested that where the gun was possessed outside the geographical area of the license, a charge of Penal Law § 400.00 (15) might lie.
Penal Law § 400.00 deals with the issuance of pistol licenses and describes the various types of licenses issued for possession in a given geographical location (home or place of business) or to be carried either in connection with one’s employment or regardless of the nature of employment when proper cause exists for issuance. Penal Law § 400.00 (15) states that "[a]ny violation by any person of any provision of this section is a class A misdemeanor.”
In 1980 (L 1980, ch 233, § 17, eff Aug. 13, 1980), the Legislature added subdivision (17) to Penal Law § 400.00. The first sentence of that new subdivision makes it clear that article 265 relating to illegal possession of a firearm shall not apply to an offense which also constitutes a violation of this section (viz., Penal Law § 400.00). Such offense is punishable only as a class A misdemeanor pursuant to this section. In effect, the Legislature was reversing the Appellate Division decision in People v Parker (supra) and codifying the Birns dissent in Parker, which the Court of Appeals subsequently approved in People v Parker (52 NY2d 935, supra [Feb. 1981]).
The second sentence of Penal Law § 400.00 (17) makes specific reference to another type of violation of Penal Law article 400 that was not to be punishable under the general weapons violation section (Penal Law art 265). One who possesses a valid pistol license but possesses it in a place "not *503 authorized by law” (emphasis supplied) is potentially guilty only of a class A misdemeanor under Penal Law § 400.00.
The cases previously cited deal only peripherally with the question of what penalties may be meted out to those who violate the terms and conditions of their pistol licenses apart from penalties contained in Penal Law article 265. Thus, in People v Parker (91 Misc 2d 363, 365, supra [Milonas, J.]), the court noted "The appropriate * * * remedy for the improper use of a weapon under the instant circumstances [i.e., possession of a weapon by a home-license possessor in a place other than his home] is the administrative procedure of license revocation”. Justice Birns in his Appellate Division dissent in People v Parker (70 AD2d 387, 391-394, supra) suggested that the "outside the geographical area” offense might constitute a violation of Penal Law § 400.00 (15), i.e., a class A misdemeanor. The Appellate Term, Second Department, in People v Ocasio (supra) suggested that Penal Law § 400.00 (15) might be the appropriate sanction for one who violated the "terms and conditions” of his license.
It seems clear from case law, statute and good sense that one who holds a license to possess in his dwelling or place of business but takes the weapon outside his home or place of business violates Penal Law § 400.00 (17). He possesses it in a place "not authorized by law” (Penal Law § 400.00 [17]; emphasis supplied). The law specifically limits certain possession licenses to "dwelling” or "place of business” (Penal Law § 400.00 [2] [a], [b]).
It should be equally clear that no "Law” (apart from department regulations) delimits the geographical area or specifically describes the "terms and conditions” of possession by the holder of a target pistol license. As noted, Penal Law § 400.00 describes no such license. It is of course true that the Police Commissioner as the issuer of pistol licenses may, in discretion, make reasonable rules to be obeyed by those to whom he issues licenses (cf. Matter of Michaelson v New York City Police Dept., 53 AD2d 573 ["The commissioner in his discretion may limit the use of a pistol by a licensed pistol carrier”]).

But the Police Commissioner cannot create new crimes.

Justice Birns characterized as "judicial fiat” and unacceptable the holding by his colleagues in People v Parker (supra). Here, by administrative fiat, the police department is attempting to engraft onto Penal Law § 400.00 provisions that the law *504 itself does not contain. Assuming (far-fetched, of course) the police department decided that a householder could only possess a weapon in a specific room of one’s house (e.g., kitchen or bedroom). While such a provision could conceivably be warranted as within the power of the Police Commissioner to make reasonable regulations for house possession, the failure to obey such a regulation, while it might lead to a sustainable license revocation, could not be transformed into a violation of law, specifically of Penal Law § 400.00 (17). The possibilities are endless in the case of target pistol licensees. Suppose a target licensee, on the way to the range, stopped off at his mother’s house for a visit or a chat. Suppose he thereafter decided not to shoot that day at all and just went home. Would he be violating the law? Or suppose the lock of the target holder’s box were broken. Would he violate the law? The Police Commissioner may regulate but he may not legislate.*
The accusatory instrument is dismissed.

 To be distinguished are those instances in which heads of agencies, in accordance with specific enabling legislation, make regulations that have the force and effect of law (traffic, health, transit regulations).