*972 OPINION OF THE COURT
William D. Friedmann, J.
The defendant in this action was tried before a Queens County jury and charged with two weapon counts. At the close of the People’s case, the defendant moved for a trial order of dismissal. Decision was reversed. The motion was renewed at the close of evidence and decision was again reversed.
The following represents the court’s disposition of this motion.
I.
BACKGROUND
The defendant is a retired New York City police officer. He held a valid New York City pistol permit listing two weapons at the time of the alleged crimes. After leaving the police force, the defendant worked for the Cosmopolitan Carrier Corporation, a parking meter firm. During the course of employment, he was approached by a fellow employee who was acting as an undercover agent for the New York City Department of Investigation. On September 25, 1987, the defendant allegedly sold a .22 caliber gun to the undercover officer. This incident was a spin-off resulting from a major parking meter scam investigation.
Defendant was thereafter indicted by a Queens County Grand Jury on November 30, 1987. He was charged with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal sale of a firearm in the second degree (Penal Law § 265.11 [2]).
II.
EFFECT OF TRIAL ORDER OF DISMISSAL
A trial order of dismissal may be entered: (a) during the course of trial, and (b) after a jury verdict. The statute states that such an order may be entered at the conclusion of the People’s case or conclusion of evidence (CPL 290.10 [1] [a]) or the court may reserve decision until after a jury verdict has been rendered and accepted (CPL 290.10 [1] [b]).
As for orders made during the course of trial, any such orders entered "prior to the return of the jury verdict will * * * foreclose appeal by the prosecution.” (People v Brown, 40 NY2d 381, 394.) Further proceedings or a retrial are
*973 accordingly prohibited under the doctrine of double jeopardy. (People v Zagarino, 74 AD2d 115.)
However, an order entered after a jury verdict permits "appeal of the ruling, and, if appropriate, retrial or reinstatement of the verdict”. (People v Key, 45 NY2d 111, 120.) In effect, there is no double jeopardy bar in such a case. (Matter of Santucci, 138 AD2d 603.)
As indicated previously, the court reserved decision on the motion for an order of dismissal. Both counts were then submitted to the jury for their consideration. The jury, after deliberation, found the defendant guilty of the criminal possession charge and not guilty of the sale of a firearm. This court accepted the jury’s verdict and then granted the trial order of dismissal pursuant to CPL 290.10. By reserving decision until the jury reached its verdict, this court:
1. Preserved all issues for appellate review (People v Key, supra).
2. Permitted the possibility of retrial — if necessary (People v Brown, supra).
3. Allowed the entire trial record to be considered by the appellate tribunal (People v Key, supra).
III.
THE TRIAL ORDER OF DISMISSAL
This court entered a trial order of dismissal on both counts. Counts one and two were dismissed because the defendant had a valid firearm license and was thereby authorized to carry a pistol or revolver by the City of New York and the State of New York.
IV.
THE APPLICABLE LAW
In considering the law in this area, the most pertinent statute is clearly Penal Law § 400.00 which deals with licenses to carry and possess firearms. Penal Law § 400.00 (6), in particular, deals with the validity of such licenses and states: "Any license issued pursuant to this section shall be valid notwithstanding the provisions of any local law or ordinance.”
Similarly, Penal Law § 400.00 (7) indicates the form a license must take. Among other things, a license must: "specify the weapon covered by caliber, make, model, manufactur *974 er’s name and serial number, or if none, by any other distinguishing number or identification mark, and shall indicate whether issued to carry on the person or possess on the premises, and if on the premises, shall also specify the place where the licensee shall possess the same.”
The defendant in this action was charged with criminal possession in the third degree and criminal sale in the second degree. As a matter of law, he cannot be convicted of either count since he was licensed to carry a firearm. This is so because Penal Law § 265.20 (a) lists certain exemptions which apply to:
”1. Possession of any of the weapons, instruments, appliances or substances specified in sections 265.01, 265.02, 265.03, 265.04, 265.05, and 270.05 by the following. * * *
"3. Possession of a pistol or revolver by a person to whom a license therefor has been issued as provided under section 400.00”.
Among the sections listed as exemptions are Penal Law § 265.02 and Penal Law § 265.11 which deal with the charges for which the defendant has been indicted. Thus, one who possesses a valid Penal Law § 400.00 firearm permit is exempt from criminal liability imposed for criminal possession of a weapon in the third degree. (See, People v Parker, 52 NY2d 935.)
Similarly, a defendant cannot be convicted for criminal sale of a firearm in the second degree because that section specifically requires that one be "not authorized pursuant to law to possess a firearm” (Penal Law § 265.11) and the defendant in this case was so authorized by virtue of his permit. (See, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 265, at 386; People v Fina, 104 Misc 2d 952.)
V.
REMEDIES
The People in this case operated under the theory that improper use of a weapon nullified the advantages of a license. This doctrine, enunciated in People v Parker (70 AD2d 387), was rejected by the Court of Appeals (People v Parker, 52 NY2d 935, supra). Basically, the Court of Appeals held that once a person submits to the requirements of New York State and secures a firearm license, he has lawful possession of that *975 weapon. This being so, it would be illogical to punish one for crimes based on unlawful possession and contrary to State policy. (See, People v Serrano, 71 AD2d 258, 261, affd 52 NY2d 936.)
However, this protection against illegal possession is limited to those crimes specified under Penal Law § 265.20. In the case at bar, the defendant clearly performed acts in violation of the terms of his license. Under such circumstances, there is an alternate remedy that the People might have pursued.
The gun permit protects its holder against possessionary charges, but the same permit leaves one vulnerable to its abuse. Thus, the District Attorney might have charged the defendant with any acts that violated the conditions of his license. Penal Law § 400.00 (15) deals with these violations and lays down the broad mandate that "Any violation by any person of any provision of this section is a class A misdemeanor.”
This Penal Law § 400.00 remedy is set forth in greater detail in Penal Law § 400.00 (17). The opening sentence of this statute reads that "The provisions of article two hundred sixty-five relating to illegal possession of a firearm, shall not apply to an offense which also constitutes a violation of this section by a person holding an otherwise valid license under the provisions of this section and such offense shall only be punishable as a class A misdemeanor pursuant to this section.”
It is to be noted that the above section recognizes the dichotomy between gun possession under Penal Law article 265 and violations under conditions of a license pursuant to Penal Law § 400.00. The latter acts can only be punished as class A misdemeanors pursuant to the section and not as a felony under Penal Law article 265. (People v Moore, 127 Misc 2d 402, 404.)
The Penal Law Practice Commentaries further explore this distinction between licensed and nonlicensed gun crimes. Donnino (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 400.00, at 505) makes the following points: "Subdivision 17, added in 1980 [cc. 233, 234] deals with the applicability of § 400.00. It was intended to clarify the nexus between illegal possession crimes under Article 265 and those under § 400.00. With the law providing significant penalties for the possession, without a license, of certain firearms, this subdivision was intended to provide some shielding from *976 those penalties to persons whose possession of a gun at a given time may be technically illegal but whose initial possession thereof was valid under this section. The difference in exposure to criminal liability generally amounts to the difference between felony liability under Article 265 and class A misdemeanor liability under subdivision 15 of this section.”
With the above distinctions in mind, the evidence in this case suggests that the defendant might have been charged with the following class A misdemeanors:
A. Unlawful disposal of a firearm.
Penal Law § 400.00 (16) requires that "No person shall except as otherwise authorized pursuant to law dispose of any firearm unless he is licensed as gunsmith or dealer in firearms.” There is no indication in this case that the defendant was so licensed as a gunsmith or dealer in firearms.
B. Failure to notify regarding a change of weapons.
Penal Law § 400.00 (9) requires that any change of weapons must be reported to the appropriate police officials within 10 days. Once again, there is no indication that any such report was made.
Therefore, the District Attorney did have alternate remedies in this case.
Based on the above, a trial order of dismissal is entered for both counts of the indictment.