OPINION OF THE COURT
Michael J. Obus, J.
Defendant Keung Li Lap stands charged in an information with violating subdivisions (6) and (7) of Penal Law § 400.00. The accusatory part of the instrument states that on October 3, 1990, defendant committed "criminal possession of a target pistol license” in that he "possessed a target pistol license *725 which only authorized the defendant to use a gun for target practice but not to carry.” The factual part reveals a bit more about the essence of this prosecution, alleging that defendant possessed a loaded .22 caliber handgun in his automobile while holding what is characterized as a "not for carry” target pistol license, a copy of which has been filed.
Defendant moves to dismiss this information contending that (1) a target pistol license is not one of the "types of licenses” defined in subdivision (2) of Penal Law § 400.00; (2) even if the license is one governed by section 400.00, the subdivisions he is accused of violating merely set forth the circumstances under which a license is valid and the form it must take; and (3) as the license restrictions in question are administrative in nature, their violation may not be prosecuted criminally.
In apparent contradiction to the theory of the accusatory instrument, the People, in their affidavit in opposition to this motion, seem to concede that as the holder of a target pistol license, defendant was entitled to transport the subject pistol. They argue instead that the manner in which he carried it violated purportedly applicable restrictions of Penal Law § 400.00 (6) (a) and (b) "in that he possessed [in his automobile] a gun that was both loaded and not locked in a container.” The People are mistaken.
To begin, there is of course no such offense as "criminal possession of a target pistol license.” Nor could subdivisions (6) and (7) of Penal Law § 400.00, respectively entitled "License: validity” and "License: form”, be deemed to define any criminal offense in the absence of subdivision (15) of that section, not mentioned in the information, which renders a violation of any provision of Penal Law § 400.00 a class A misdemeanor. But even if the information could be charitably construed to overcome these weaknesses, it must be dismissed for failing to allege sufficient facts to support any violation of the statute.
It is true that no reference to a "target pistol license” appears in Penal Law § 400.00 (2), which defines the seven basic types of gun licenses issuable in this State, some affording the right to possess a firearm in limited geographical areas and others affording certain persons, depending on their employment or other proper cause, the right to carry one. Nevertheless, the target license in question here does purport on its face to be "issued under article 400 [of the] Penal Law.” Moreover, given the restrictions set forth on the license itself —that the subject pistol be carried unloaded and in a locked *726 container — it can hardly be disputed that the license holder is expected to carry the pistol to and from the target range. Thus, as was held in People v Schumann (133 Misc 2d 499, 501 [Crim Ct, Bronx County 1986]), such a license must be viewed not merely as a "possess” license with extended geographical boundaries, but as a "carry” license issued under Penal Law § 400.00 (2) (f), to "have and carry concealed, without regard to employment or place of possession, by any person when proper cause exists for the issuance thereof’. (See also, Hochreich v Codd, 68 AD2d 424, 425 [1st Dept 1979]; Federation of N. Y. State Rifle & Pistol Clubs v McGuire, 101 Misc 2d 104, 105 [Sup Ct, NY County 1979].) A charge that defendant violated Penal Law § 400.00 simply by carrying the subject pistol could not therefore be sustained.
This is not to say that a license holder who possesses a firearm in a place not authorized by law, outside the scope of one of the statutory employment categories, or in violation of some other provision of Penal Law § 400.00 may not be prosecuted under this section. (See, Penal Law § 400.00 [15], [17]; People v Schumann, supra, at 502-503; cf., People v Parker, 52 NY2d 935 [1981], revg on dissent of Birns, J., 70 AD2d 387, 391-394 [1st Dept 1979] [possession outside geographical limits of license not prosecutable under Penal Law art 265]; People v Ocasio, 108 Misc 2d 211 [App Term, 2d Dept 1981] [possession of target pistol while not in transit to or from range not prosecutable under Penal Law art 265].) There is nothing in article 400, however, that restricts either the geographical area or the manner in which a target pistol may be carried.
Contrary to the People’s argument, the requirements of subdivision (6) of section 400.00 that certain firearms be transported in locked containers have nothing at all to do with the matter at bar. Those restrictions, which are silent as to whether or not such firearms may be loaded, apply only to the holders of gun licenses issued outside of New York City who, in the absence of local permits, transport firearms under limited circumstances out of or through this city.
The license restrictions here, on the other hand, are administratively promulgated by the Police Commissioner in his role as the licensing authority for New York City. (See, Penal Law § 265.00 [10]; Administrative Code of City of New York § 10-131 [a] [1].) They are neither mandated nor specifically authorized by Penal Law § 400.00. Accordingly, their violation, *727 while warranting license revocation proceedings, will not support criminal prosecution. As the court stated in People v Schumann (supra, at 503 [emphasis in original]):
"It should be equally clear that no 'Law’ (apart from department regulations) delimits the geographical area or specifically describes the 'terms and conditions’ of possession by the holder of a target pistol license. As noted, Penal Law § 400.00 describes no such license. It is of course true that the Police Commissioner as the issuer of pistol licenses may, in discretion, make reasonable rules to be obeyed by those to whom he issues licenses (cf. Matter of Michaelson v New York City Police Dept., 53 AD2d 573 ['The commissioner in his discretion may limit the use of a pistol by a licensed pistol carrier’]).

"But the Police Commissioner cannot create new crimes. ”

It may well be preferable that the violation of gun license restrictions like the ones at issue here be treated as criminal offenses. Absent legislative action, however, such violations may not be incorporated into Penal Law § 400.00 by judicial preference. Defendant’s motion to dismiss the accusatory instrument is granted.
[Portions of opinion omitted for purposes of publication.]