■ In the Matter of EUGENE GOLD, District Attorney of Kings County, Petitioner, v HUGH F. MCSHANE, as a Justice of the Supreme Court of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit respondent Justice from enforcing his order consolidating Indictments Nos. 1551/79 and 3930/79. Application granted, without costs or

disbursements, and respondent prohibited from enforcing his order consolidating the indictments. On March 16, 1979, William Martinez was arrested on drug charges involving more than one pound of cocaine. From the date of his arrest he co-operated with the police. His co-operation led to Indictment No. 1551/79 filed on April 17, 1979, which charged Martinez, William Festinger and Gerry Gottlieb with the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and conspiracy in the second degree. Martinez was included in this indictment to preserve his confidentiality and conceal from Festinger and Gottlieb that he had turned against them. The People expected, however, that prior to trial Martinez' charges would be severed and he would thereby be available to testify against his codefendants.* This plan was defeated, however, after respondent twice refused to sever the charges against Martinez. The People, in order to revive their plan for prosecution, obtained a superseding Indictment, No. 3930/79, against Martinez alone. This indictment contained all of the charges contained in Indictment No. 1551/79, except that 3930/79 did not contain the conspiracy charge. On December 4, 1979, Martinez was arraigned on Indictment No. 3930/79. The case was then adjourned to Part 1A so that it was not pending before respondent. Thereafter respondent learned of the new indictment. In addition Gottlieb moved before respondent to consolidate Indictments Nos. 3930/79 and 1551/79. Respondent followed that course and consolidated the indictments, one of which, as indicated, was not pending before him, so that the People would be forced to try Martinez with Gottlieb and Festinger. The People thereupon commenced this proceeding to prohibit respondent from enforcing his order of consolidation. We hold that respondent should be barred from enforcing his order of consolidation. CPL 200.80 provides in part as follows: "If at any time before entry of a plea of guilty to an indictment or commencement of a trial thereof another indictment is filed in the same court charging the defendant with an offense charged in the first indictment, the first indictment is, with respect to such offense, superseded by the second and, upon the defendant's arraignment upon the second indictment, the count of the first indictment charging such offense *must* be dismissed by the court" (emphasis supplied). CPL 200.40 (subd 2) provides in part as follows: "When two or more defendants are charged in separate indictments with the same offense or offenses as that term is defined in section 40.10, the court may, *upon application of the people,* order that such indictments be consolidated and that such defendants be tried jointly for such offense or offenses" (emphasis supplied). The above statutes make it clear beyond cavil that when Indictment No. 3930/79 was handed down any offense contained in Indictment No. 1551/79 which was also contained in Indictment No. 3930/79 had to be dismissed by respondent. Moreover, absent any motion for consolidation by the People, the court was without authority to order consolidation. We are, of course, aware that prohibition is an extraordinary remedy and that it does not lie to remedy a mere error of law, however egregious it may be (see *Matter of State of New York v King*, 36 NY2d 59). The error here, however, is more than merely one of law. Respondent is

---

* If Martinez was forced to stand trial with his codefendants he would not testify against them since he would run the risk of being convicted on the A-I felony of criminal sale of controlled substance in the first degree (Penal Law, § 220.43), with a mandatory minimum sentence of 15 years to life (Penal Law, § 70.00, subd 3, par [a], cl [i]; subd 2, par [a]).

exceeding his authorized powers in a way which results in an unlawful abuse of the entire action. Pursuant to CPL 200.40 (subd 2) respondent is without any authority to order consolidation here (cf. *Matter of Jaffe v Scheinman,* 47 NY2d 188). By virtue of respondent's disregard of said section, Martinez will be unlawfully forced to undergo a trial on drug charges. The People's discretion of whether or not to seek consolidation of indictments, and whether or not to plea bargain are being utterly ignored. Under such circumstances, we find that the writ should be granted. Hopkins, J. P., Damiani, Titone, Lazer and Mangano, JJ., concur.