THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICH-
AEL ZAGARINO, Respondent.

Second Department, April 21, 1980

### APPEARANCES OF COUNSEL

*Eugene Gold, District Attorney (Jonathan M. Harris* of counsel), for appellant.

*Stanley A. Schwartz* for respondent.

### OPINION OF THE COURT

HOPKINS, J. P.

The People appeal from the dismissal during the defendant's trial of two counts of his indictment.[1] The dismissal of the two counts was based on the interests of justice (see *People v Clayton,* 41 AD2d 204).

The questions which are presented by this record are (1) whether during the trial Criminal Term should have dismissed two counts of the indictment in the interests of justice, and (2) whether the defendant would be placed in double jeopardy in violation of his constitutional rights, in the event the counts were restored and a new trial ordered.

██ ██ We think that the counts must be reinstated and that the defendant's constitutional rights will not be infringed by a new trial. Criminal Term should not have dismissed the counts in the interests of justice after the trial had begun (see CPL 210.20). The defendant stands in no peril of double jeopardy, since the dismissal involved no aspect of his guilt or innocence *(United States v Scott,* 437 US 82; *People v Key,* 45 NY2d 111; *People v Boynton,* 67 AD2d 982).

---

1. Prior to the dismissal of the two counts under review a count of the indictment charging criminal sale of a controlled substance in the first degree had been dismissed. No appeal was taken by the People from that dismissal.

## I

By an indictment dated July 29, 1977 the defendant was charged with the criminal sale of a controlled substance in the first degree (two counts—heroin and cocaine), criminal sale of a controlled substance in the second degree (cocaine), criminal sale of a controlled substance in the fifth degree (cocaine), criminal possession of a controlled substance in the third degree (cocaine), and criminal possession of a controlled substance in the fifth degree (marihuana). Due to the occurrence of unfortunate events the trial of the defendant was aborted on two prior occasions.

Prior to the trial presently under review, one mistrial had been caused by an inadvertent contact between the defendant's counsel and a juror. A second mistrial had been declared thereafter on the defendant's motion when a police officer had gratuitously referred on cross-examination by the defendant's counsel to an unrelated seizure of weapons.

This appeal concerns the proceedings that took place during the third trial. During the direct examination of a police officer called by the prosecution, he was asked to describe certain procedures used in the investigation of drug traffic. In his response, he said that a "buy operation" was one which might "start on a very low level and we work upwards to a higher echelon of drug dealer, namely, to either get a large seizure or a particular individual that is well-placed in the structure". The Trial Judge overruled an objection by the defendant's counsel that the testimony was inflammatory, but directed a side-bar conference at which the Trial Judge warned the prosecutor that the witness was treading on impermissible ground.

On resumption of direct examination, the officer was asked about an arrest occurring in Staten Island.[2] The defendant's counsel objected to any reference to that arrest, and moved for a mistrial. The Trial Judge then, *sua sponte,* dismissed renumbered counts one and two of the indictment (dealing with the offers to sell cocaine and marihuana), on the ground that these crimes were so intertwined with other Federal charges against the defendant that he would be prejudiced by the jury's possible speculation concerning a connection between the Federal charges and the offenses for which the defendant was being tried. The Trial Judge also believed that the prose-

2. This arrest related to certain charges against the defendant in the Federal court.

cution had either through intent or incompetence created an atmosphere prejudicial to the defendant. A mistrial as to the remaining counts was accordingly directed by the Trial Judge.[3]

Thereafter the People moved to reargue the dismissal of the two counts, arguing that the requirements of CPL 210.45 and *People v Clayton* (41 AD2d 204, *supra)* had not been satisfied. That motion was denied. The Trial Judge held that the dismissal, *sua sponte,* was justified because the prosecution had not demonstrated its ability to separate the two counts in issue from the Federal charge concerning the possession and sale of guns. The Trial Judge stated, in part:

"So, to prevent further mistrial and to prevent the loss of more thousands of dollars of taxpayer's money, and to prevent a violation of the defendant's due process rights again, the Court is, after full hearing and submission of argument, and time for the district attorney to produce these arguments and the defendant to respond, the Court is going to maintain its ruling and dismiss, in the interest of justice, based upon prosecutorial misconduct—not in the full sense of the word misconduct, because I don't think there was any penal interest here, or any badly motivated interest here, but I think it was simple blundering, but simple blundering cannot be tolerated, especially when it occurs more than once. Especially when we're trying to get this case completed and have tried three times already.

"So, both in the interest of justice and because of the prosecutorial error, the Court is going to dismiss the first two counts and renumber the other counts as indicated on Friday, December 1st."

## II

The first question we must consider is the propriety of Criminal Term's determination, *sua sponte,* during the trial to dismiss two counts of the indictment. That determination rested in part on the view of Criminal Term that the interests of justice required the dismissal, since the defendant had been prejudiced by the actions of the prosecutor, whether intentional or careless.

---

3. Subsequently, the defendant was tried on the remaining counts in the indictment and was convicted of criminal sale of a controlled substance in the second degree and sentenced to a term of from six years to life imprisonment.

■ The statutory scheme of dismissals in the interests of justice contemplates a measured and deliberate procedure, calling for notice, hearing and the consideration of the pertinent factors which manifestly form the embodiment of the interests of justice (CPL 210.40, 210.20, 210.45; *People v Clayton,* 41 AD2d 204, 207-208, *supra;* cf. *People v Belge,* 41 NY2d 60, 62; *People v Shearin,* 55 AD2d 939). It is not adapted to the ebb and flow of a trial, where determinations must be made speedily. If circumstances arise during a trial which prejudice the defendant, the remedy lies in the direction of a mistrial, not the dismissal of the indictment. A deliberate or practiced pattern of conduct by the law enforcement authorities to introduce inadmissible material prejudicial to the defendant might under certain circumstances be grounds for dismissal of an indictment, but the motion should be made as the statute projects, on papers, and a decision made after a hearing at which the prosecution and the defendant shall have the opportunity to present their contentions and evidence, if such is necessary.[4]

Nor do we think that the dismissal, *sua sponte,* was warranted by the dictates of due process (cf. *People v Isaacson,* 44 NY2d 511; *United States v Marion,* 404 US 307). Taken at the most extreme on behalf of the defendant, the actions of the prosecution did not invade any of the fundamental rights of the defendant. True, there had been two previous mistrials. Yet, one of them was not due to the behavior of the prosecution, but to an incident not the fault of either party. The second was admittedly due to the response of a witness for the prosecution which gratuitously exceeded the scope of a question asked on cross-examination. Though the prosecution was, of course, chargeable with the blunder of the witness, the mistrial thereby caused hardly proceeded from the exercise of any tactics by the prosecution designed to deprive the defendant of his protection under the strictures of due process. Finally, as we have noted, the third mistrial did not arise from egregious or inexcusable conduct of the prosecutor.

Accordingly, we are of the opinion that the dismissal of the two counts should not have been directed by Criminal Term.

---

4. If the defendant, rather than moving for a mistrial, chooses to raise the issue during the trial, he may, of course, move by way of an order to show cause, on supporting papers, returnable during the trial, for a dismissal of the indictment in the interests of justice.

## III

Even so, we must now decide whether the dismissal, though in error, would result in a retrial of the defendant contrary to his right not to be subjected to double jeopardy for the same offense.

■ The dismissal came after the jury was sworn and testimony had been received (cf. *People v Brown,* 40 NY2d 381). Nevertheless, we do not think that jeopardy of the defendant has been twice threatened.

■ The doctrine of double jeopardy has been in a state of constant re-examination during recent years by the United States Supreme Court (cf. *Green v United States,* 355 US 184; *United States v Wilson,* 420 US 332; *United States v Jenkins,* 420 US 358; *Lee v United States,* 432 US 23; *United States v Scott,* 437 US 82). As presently constituted, the doctrine distinguishes trial orders of dismissal by dividing them into two categories—those orders terminating the trial at the defendant's request for reasons not related to his guilt or innocence, and those orders terminating the trial based on a consideration of the evidence, and thus tantamount to an acquittal. Only those trial dismissals on the latter ground bar further prosecution on account of double jeopardy *(People v Key,* 45 NY2d 111, 119, *supra; United States v Scott, supra,* pp 90-91).

■ We hold that the dismissal in this case did not fall within the second category. The defendant's guilt or innocence, or the character of the evidence for or against him, was not the gravamen of the court's disposition. Indeed, the defendant initiated the action of the court, though not directly invoking it, by moving for a mistrial. Thus, the defendant was willing at the point of his motion to have the trial terminated prior to verdict; though he could not have fairly anticipated the dismissal by the court, *sua sponte,* the action of the Trial Judge was simply more beneficial than he expected. In effect, the termination of the trial followed the defendant's choice. The dismissal was therefore functionally indistinguishable from a mistrial *(Lee v United States, supra,* p 31; cf. *United States v Martin,* 561 F2d 135, 139; *People v Boynton,* 67 AD2d 982, *supra).*

For these reasons, we find that the defendant will not be placed in double jeopardy by a retrial.

## IV

Hence, the order of dismissal must be reversed and the two counts in question of the indictment reinstated.

LAZER, MARGETT and O'CONNOR, JJ., concur.

Order of the Supreme Court, Kings County, entered January 4, 1979, reversed, on the law, and renumbered counts one and two of defendant's indictment are reinstated.