In the Matter of ELIZABETH HOLTZMAN, Petitioner, v PATRICK BONOMO, as Justice of the Supreme Court, Kings County, Respondent. JOHN LATORA et al., Defendants.

Second Department, May 23, 1983

APPEARANCES OF COUNSEL

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Roseann B. Mackechnie, Alan D. Rubinstein* and *Katherine M. Rose* of counsel), petitioner *pro se.*

*Robert Abrams, Attorney-General (Bridget E. Farrell* of counsel), for respondent.

*Patrick Broderick* for Salvatore Latora and another, defendants.

*John Broderick* for Vincent Latora, defendant.

*Per Curiam.*

The defendants in the instant case stand charged with a combined total of 94 counts arising from a series of acts they allegedly committed as landlords threatening their tenants with physical or mental harm unless the tenants agreed to pay higher rents. The charges range from attempted murder to criminal mischief. At the conclusion of the presentation of all evidence at the trial the respondent Justice denied a motion to dismiss all charges upon the ground that the People had not made out a prima facie case. Similarly, the respondent denied a motion to dismiss all charges in the interest of justice. He then proceeded to dismiss 69 of the 94 counts upon the ground that the People had not proven "guilt beyond a reasonable doubt".

The respondent purported to issue his order pursuant to the authority of CPL 290.10. That section authorizes a court to dismiss any count of an indictment only "upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense" (CPL 290.10, subd 1). No power or authority is granted to dismiss any count because guilt has not been established beyond a reasonable doubt or for any reason other than legal insufficiency. Accordingly, the People immediately sought from this court, and were granted, an order directing the respondent to show cause why he should not be prohibited from enforcing his trial order of dismissal. The order to show cause further stayed all proceedings in the trial of this matter. Although the respondent had been made aware that an application for an order to show cause containing a stay was then pending before this court he nevertheless attempted to amend his dismissal order by changing the ruling from one based upon the failure to prove guilt beyond a reasonable doubt to one based upon a finding that the prosecutor's evidence was legally insufficient to sustain the counts in issue. In fact, while the respondent was attempting to amend his order in open court, an Assistant District Attorney appeared with the order staying *all* proceedings; the respondent ignored the stay and continued to amend his trial order of dismissal.

We are, of course, aware that prohibition is an extraordinary remedy that does not lie to remedy a mere error of law (*Matter of State of New York v King,* 36 NY2d 59). The error here, however, is more than merely one of law. The respondent exceeded his authorized powers in a way that substantially affects the entire action and from which the People have no right to appeal. The respondent's authority to dismiss counts of an indictment in a trial before him is limited by statute to a finding on the law that the evidence is not legally sufficient. By attempting to dismiss counts of the indictments upon the ground that guilt had not been established beyond a reasonable doubt, the respondent usurped the function of the jury and acted in excess of his authorized powers (cf. *Matter of Jaffe v Scheinman,* 47 NY2d 188; *Matter of Gold v McShane,* 74 AD2d 616).

We reject the contention that this matter is moot because the record as "clarified" by the respondent on May 20, 1983 now demonstrates that the trial order of dismissal was issued upon the ground authorized by CPL 290.10. As noted, this amendment or clarification was attempted after the respondent was notified that this court was considering a stay and, in fact, had issued one. As a result, we view the respondent's purported amendment, completed after the stay was in effect, as a nullity.

Accordingly, this article 78 proceeding is granted and the respondent is prohibited from dismissing any counts of the afore-mentioned indictments upon the ground that the defendants' guilt has not been proven beyond a reasonable doubt. The cross application by the respondent to dismiss the proceeding is denied.

MOLLEN, P. J., MANGANO, O'CONNOR and NIEHOFF, JJ., concur.

Proceeding granted, without costs or disbursements, and the respondent is prohibited from dismissing any counts of the afore-mentioned indictments upon the ground that the defendants' guilt has not been proven beyond a reasonable doubt. The cross application by the respondent is denied.