■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEXANDER LERNER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Deeley, J.), dated July 9, 1984, which granted the defendant's motion pursuant to CPL 330.30 (1) to set aside a jury verdict finding him guilty of kidnapping in the first degree, and dismissed that count of the indictment.

Ordered that the appeal is dismissed, the order dated July 9, 1984, and the jury's verdict finding the defendant guilty of kidnapping in the first degree are declared nullities, and the order of the Supreme Court, Kings County (Deeley, J.), dated June 11, 1984, which granted the defendant's motion for a trial order of dismissal at the conclusion of all of the evidence pursuant to CPL 290.10 (1) (a), is reinstated.

The defendant was charged in an indictment with the crimes of murder in the second degree (two counts), sodomy in the first degree, and kidnapping in the first degree. The two murder counts were dismissed on November 7, 1983 by Criminal Term (Lagana, J.), on the ground that the People had presented insufficient evidence to the Grand Jury to sustain them. The People then proceeded to trial on the kidnapping and sodomy counts of the indictment.

At the conclusion of the People's case, the defendant moved for a trial order of dismissal of the kidnapping count pursuant to CPL 290.10 (1) (a). That statute provides as follows:

"§ 290.10. Trial order of dismissal.

"1. At the conclusion of the people's case or at the conclusion of all the evidence, the court may * * * upon motion of the defendant, (a) issue a 'trial order of dismissal', dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein".

The trial court reserved decision on this motion. On June 11,

1984, at the conclusion of all of the evidence, defense counsel again moved for a trial order of dismissal as to the kidnapping count pursuant to CPL 290.10 (1) (a).

The trial court granted defense counsel's motion for a trial order of dismissal as to the kidnapping count, stating as follows:

"I have very carefully viewed my notes, reviewed the testimony of the witnesses of the People, and I come to the absolute conviction after doing that that as a matter of law there is nothing to send to the jury on a kidnapping * * *

"[Y]ou haven't proved the case, and that is not the Court's responsibility, that is not my duty. That is the duty of the District Attorney's office, and they have failed, they have failed to prove his guilt beyond a reasonable doubt as a matter of law * * *

"As a matter of law, Counsel, the People have failed to prove the case. I am dismissing the kidnapping charges, and I will send to the jury the sodomy charges tomorrow".
The trial was then recessed until the following morning.

At the start of the trial on the following day, the prosecutor moved to reargue the trial court's order of the previous day which had granted the defendant's motion for a trial order of dismissal at the conclusion of all of the evidence. In support of its motion to reargue, and to submit the kidnapping count to the jury, the People argued that (1) pursuant to CPL 290.10 (1) (b), the trial court could reserve decision on a motion for a trial order of dismissal, made at the conclusion of the People's case or at the conclusion of all of the evidence, until the verdict was rendered and accepted by the court, and (2) this latter approach was preferred by the courts (see, People v Marin, 102 AD2d 14, affd 65 NY2d 741), since it avoided any problems with respect to double jeopardy. Accordingly, the People requested that the court grant reargument of its prior trial order of dismissal, and, upon reargument, reserve decision on the motion until the jury rendered a verdict.

In an alternative argument, the People alleged that (1) the court's decision dated June 11, 1984 could be interpreted not as a trial order of dismissal based on legal insufficiency of the evidence, but rather as an order dismissing the kidnapping count on the ground that the People had not proven the defendant's guilt beyond a reasonable doubt, and (2) as so interpreted, the order dated June 11, 1984 was a nullity, pursuant to Matter of Holtzman v Bonomo (93 AD2d 574), and the court could therefore submit the kidnapping count to the jury without violating principles of double jeopardy.

In the ensuing colloquy, the trial court made it clear that its order of June 11, 1984 was a trial order of dismissal based on legally insufficient evidence. Specifically, the trial court stated:

"I have read the cases presented to me by the District Attorney. I refer particularly to the matter of Patrick Bonomo. In the decision the Court says no power or authority is granted to dismiss any count because the guilt has not been established beyond a reasonable doubt or for any reason other than legal insufficiency. In this case, there was no evidence testified to [in] the case relating [to] the defendant * * * as far as the kidnapping is concerned * * *

"My decision yesterday is the same as it is this morning. I said * * * there has been no evidence presented to connect this defendant with the kidnapping, and that is legal insufficiency, and that's failure to prove beyond a reasonable doubt as a matter of law. Now, if you want semantics and words, the words are there was *no* evidence in the case to connect the defendant with the crime of kidnapping" (emphasis added).

The trial court then granted the People's motion for reargument of its order dated June 11, 1984, and, upon reargument, reserved decision on the defendant's motion for a trial order of dismissal, and sent the kidnapping charge to the jury. Thereafter, the jury convicted the defendant of the kidnapping charge and acquitted him of the sodomy charge.

On July 6, 1984, the defendant moved pursuant to CPL 330.30 (1) to set aside the jury verdict finding the defendant guilty of kidnapping in the first degree, on the ground of legal insufficiency. The trial court granted the motion on the ground that "the evidence before the jury was as a matter of law insufficient to support a finding of guilty on the kidnapping count". An order was entered on July 9, 1984 in accordance with the trial court's decision, and the People have appealed.

In *People v Brown* (40 NY2d 381, *cert denied* 433 US 913), the Court of Appeals invalidated the section of the Criminal Procedure Law (CPL 450.20 [2]), which authorized the People to appeal from a trial order of dismissal granted at the conclusion of the People's case or at the conclusion of all the evidence pursuant to CPL 290.10, as unconstitutionally violative of the Double Jeopardy Clause (US Const 5th Amend; NY Const, art I, § 6). Specifically, the Court of Appeals stated in *People v Brown (supra,* at 391): "On the basis of these three cases we conclude that the Supreme Court has formulated a

double jeopardy rule—albeit what may be characterized as a mechanical rule—which precludes the People from taking an appeal from an adverse trial ruling whenever such appeal if resolved favorably for the People might require the defendant to stand retrial—or even if it would then be necessary for the trial court 'to make supplemental findings' *(United States v Jenkins,* 420 US 358, 370, *supra).* Double jeopardy principles will bar appeal unless there is available a determination of guilt which without more may be reinstated in the event of a reversal and remand. Application of such rule to the provisions of CPL 450.20 (subd 2) permitting the People to appeal from a trial order of dismissal renders that section unconstitutional except in the instance where disposition of the motion is reserved until after the jury verdict has been returned".

The holding of *People v Brown (supra),* is clearly applicable to the case at bar, where a trial order of dismissal was granted at the conclusion of all of the evidence, based on legal insufficiency. Nor can the People avoid the holding in *People v Brown (supra),* on the ground that, in the instant proceeding, they did not appeal from the trial order of dismissal of June 11, 1984, but instead chose to move for reargument. The trial order of dismissal granted at the conclusion of the People's case or at the conclusion of all of the evidence is "tantamount to an acquittal" *(People v Zagarino,* 74 AD2d 115, 120), and to allow reargument of such an order and the submission of a count previously dismissed pursuant thereto to a jury, would clearly violate the constitutional prohibition against double jeopardy *(cf., People v Warren,* 80 AD2d 905).

Accordingly, the People's appeal from the order entered July 9, 1984 must be dismissed, the order entered July 9, 1984, and the jury's verdict of guilty of the crime of kidnapping in the first degree are declared nullities, and the order of the Supreme Court, Kings County (Deeley, J.), dated June 11, 1984, which granted the defendant's motion for a trial order of dismissal at the conclusion of all of the evidence pursuant to CPL 290.10 (1) (a), is reinstated. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.