■ In the Matter of JOHN J. SANTUCCI, Petitioner, v GABRIEL S. KOHN et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the enforcement of a determination of the respondent Kohn, a Justice of the Supreme Court, Queens County, dated April 24, 1987, which dismissed indictment No. 349/85 against the respondent Singleton.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The respondent Kohn was the Justice presiding at the criminal trial of the defendant Norman Singleton. At the end of the People's case and again after the defense rested, the defense counsel moved for a trial order of dismissal. The court reserved decision and sent the case to the jury. Four times during its deliberations, the jury sent notes to the Judge advising him that they were deadlocked. After the fourth note, the Judge granted the defendant's motion to dismiss the indictment stating:

"Pursuant to Criminal Procedure Law Section 290.10, I find that inherent in this case, there is reasonable doubt as to the guilt of this defendant as to identification and other matters including but not limited thereto.

"Accordingly, I find that reasonable people could not find the defendant guilty on the state of this record.

"I, therefore, direct a verdict at this time of not guilty * * * The jury is hereby discharged. The defendant's bail is exonerated and the indictment is sealed, and the People have an exception to my ruling, if it's necessary, and I dismiss the jury at this time".

Thereafter, the People moved to resettle the court's order on the grounds that (1) the Trial Judge was not empowered to grant the motion while the jury was deliberating and before it was discharged, and (2) the court improperly relied upon a reasonable doubt standard rather than the legal sufficiency standard in dismissing the indictment, thereby rendering the dismissal a nullity. The court denied the motion to resettle stating:

"In the case at bar, this Court is faced with evidence which is insufficient to establish the elements of the crime or crimes charged and the defendant's commission thereof. Thus the evidence presented does not rise to the standard of proof to make out a *prima facie* case. That the People contend that the Court's ruling should otherwise be construed is to suggest that semantics should prevail over substance. The Court's ruling clearly states that the evidence presented by the People is insufficient to establish the offenses charged or any lesser degrees thereof.

"In the case at bar, the court reserved decision on the defendant's motion to dismiss and concluded, albeit while the jury was deliberating, that there was not sufficient evidence for the case to proceed to a jury verdict with regard to defendant Singleton.

"In consequence thereof, the Court was constrained to grant

the defendant's motion to dismiss all charges upon the ground that the People had not made out a *prima facie* case".

CPL 290.10 empowers the court to issue a trial order of dismissal on the ground that the evidence is not legally sufficient to establish the elements of the crimes charged *(see, Matter of Holtzman v Bonomo,* 93 AD2d 574). The court may not usurp the jury's function and dismiss an indictment on the ground that a verdict of guilty would be against the weight of the evidence *(see, Matter of Holtzman v Bonomo, supra).* Here, the trial court clearly invoked the proper legal sufficiency standard, both by referring to CPL 290.10 and in stating that "reasonable people could not find the defendant guilty on the state of this record" *(see, People v Contes,* 60 NY2d 620, 621; *People v Lerner,* 128 AD2d 641). The court's subsequent denial of the People's motion to resettle clearly supports this interpretation.

Further, the trial court was authorized to dismiss the indictment while the jury was deliberating. CPL 290.10 was recently amended to permit a trial court to reserve decision on a motion for dismissal until the jury renders a verdict. The Legislature's stated purpose in so amending the statute was to preserve the People's right to appeal since, upon reversal, an appellate court may reinstate the indictment and avoid the attachment of the defendant's constitutional privilege against double jeopardy (Judicial Conference Report on CPL, 1983 McKinney's Session Laws of NY, at 2939; *see, People v Marin,* 102 AD2d 14, *affd* 65 NY2d 741). Thus, while it may be the better practice for the trial court to reserve decision on the motion until after the verdict to avoid a double jeopardy problem, the court is not precluded from dismissing the indictment prior to that time. Here, however, when the court properly dismissed the indictment on legal sufficiency grounds while the jury was deliberating, double jeopardy attached and the People are precluded from appealing that determination since a trial order of dismissal is "tantamount to an acquittal" *(People v Zagarino,* 74 AD2d 115, 120; *People v Lerner, supra).* Brown, J. P., Rubin and Kooper, JJ., concur.

Weinstein, J., dissents and votes to grant the petition and reinstate the indictment, with the following memorandum in which Eiber, J., concurs. Unlike my learned colleagues of the majority, I am of the opinion that Criminal Term erred in dismissing the indictment. CPL 290.10 (1) specifically provides that a court may, upon motion of the defendant, "(a) issue a 'trial order of dismissal,' dismissing any count of an indictment upon the ground that the trial evidence is not legally

sufficient to establish the offense charged therein or any lesser included offense, or (b) reserve decision on the motion until after the verdict has been rendered and accepted by the court". It is apparent to me that the instant case does not fit precisely into either of those situations with the result that the action of Criminal Term in dismissing the indictment exceeded the scope of its authorized powers.

By way of pertinent factual background it bears noting that defense counsel initially moved for a trial order of dismissal at the end of the People's case and again at the end of the entire case. The trial court reserved decision thereon and sent the case to the jury. In the course of its deliberations, the jury sent four separate notes to the trial court indicating its deadlocked status. Before the jury was discharged and while it was still deliberating, the court rendered the following decision:

"Pursuant to Criminal Procedure Law Section 290.10, I find that inherent in this case, there is reasonable doubt as to the guilt of this defendant as to identification and other matters including but not limited thereto.

"Accordingly, I find that reasonable people could not find the defendant guilty on the state of this record.

"I, therefore, direct a verdict at this time of not guilty * * * The jury is hereby discharged. The defendant's bail is exonerated and the indictment is sealed, and the People have an exception to my ruling, if it's necessary, and I dismiss the jury at this time".

From the language employed by the trial court, it is evident that an improper standard was invoked. It is well settled that no power or authority is granted to trial courts to dismiss any count of an indictment on the ground that guilt has not been established beyond a reasonable doubt or for any reason other than legal insufficiency (People v Lynch, 116 AD2d 56, 62; Matter of Holtzman v Bonomo, 93 AD2d 574, 575). While it cannot be gainsaid that prohibition constitutes an extraordinary remedy which does not lie to remedy a mere error of law (Matter of State of New York v King, 36 NY2d 59), the error involved here goes beyond a mere error of law. The facts reveal that the trial court exceeded its authorized powers in a way which substantially affects the entire action and from which the People have no right of appeal. More specifically, "[b]y attempting to dismiss counts of the indictments upon the ground that guilt had not been established beyond a reasonable doubt, the respondent usurped the function of the jury

and acted in excess of his authorized powers" *(Matter of Holtzman v Bonomo, supra,* at 576). Inasmuch as the court, in applying a reasonable doubt as opposed to a legal sufficiency standard, acted beyond its authorized power, its dismissal of the indictment was, in effect, a nullity, which, being a nullity, was not tantamount to an acquittal on the merits *(see, People ex rel. Leventhal v Warden,* 102 AD2d 317, 322). To reiterate a distinction cogently drawn by former Chief Judge Breitel in his dissent in *People v Brown* (40 NY2d 381, 396, *cert denied* 433 US 913, *rearg denied* 42 NY2d 1015), the termination of the action, which resulted from defense counsel's motion for a trial order of the dismissal, was the "fault" of the defendant rather than of the prosecution. Under the peculiar circumstances of this case, I conclude that the defendant was not entitled to claim the protection of the Double Jeopardy Clause *(see, United States v Kehoe,* 516 F2d 78, 86, *cert denied* 424 US 909, *reh denied* 425 US 945).

The instant situation is patently distinguishable from that which prevailed in *People v Lerner* (128 AD2d 641, 642), where the court, in addition to stating that the People failed to prove the defendant's guilt beyond a reasonable doubt, made it clear that the People had failed to prove the case as a matter of law. In contrast, there is no language in the court's determination dated April 24, 1987, which could reasonably be interpreted to mean that the trial order of dismissal was based on legal insufficiency of the evidence. Any argument that the court believed that it was dismissing the indictment on legal sufficiency grounds as evidenced by the language used in its order denying the People's motion for resettlement is entirely speculative, given its prior clear and unequivocal reference to the reasonable doubt standard.

Moreover, CPL 290.10 (1) does not, on its face, provide the trial court with authority to issue a trial order of dismissal, once decision on the motion was reserved, while the jury was still deliberating and before it was discharged. As per the precise wording of the statute, the court had the following available options: (1) to dismiss the indictment or any count thereof at the conclusion of the People's case or at the conclusion of all the evidence, or (2) to reserve decision on the motion until after the jury had rendered the verdict. There is thus no statutory authority for a trial court to grant a trial order of dismissal where the jury is still deliberating.

Under the circumstances, the trial court erred in dismissing the indictment and the respondent should be prohibited from dismissing any counts of the subject indictment upon the

ground that the defendant's guilt has not been proven beyond a reasonable doubt. Brown, J. P., Weinstein, Rubin, Eiber and Kooper, JJ., concur.