PEOPLE v VINCENT

Docket No. 157220. Submitted January 17, 1996, at Detroit. Decided
    February 16, 1996, at 9:00 A.M. Leave to appeal sought.

  Duyonn A. Vincent was convicted by a jury in the Genesee
    Circuit Court, Donald R. Freeman, J., of first-degree murder
    and possession of a firearm during the commission of a felony.
    The defendant was tried jointly with two others on charges of
    open murder and felony-firearm, with one codefendant being
    convicted by a separate jury of second-degree murder and
    felony-firearm and the other codefendant being convicted of
    manslaughter and felony-firearm by the same jury that con-
    victed the defendant. Following the close of the prosecution's
    case, defense counsel moved for directed verdicts of acquittal of
    first-degree murder, which was opposed by the prosecution on
    the basis that there was sufficient evidence to establish first-
    degree murder. The court indicated that "what we have at the
    very best is second-degree murder" and that "second degree
    murder is an appropriate charge as to the defendants." The
    following day, before the juries had been informed of the
    court's decision with respect to the charge of first-degree mur-
    der, the prosecution again argued that first-degree murder had
    been established, and the court, after rejecting the defense
    arguments of double jeopardy, indicated that it was going to
    reserve its ruling regarding whether to grant the directed
    verdicts. After the defense presented its case, including the
    defendant's testimony, the court indicated that it had reconsid-
    ered its decision and had decided that the determination of the
    degree of murder was a question for the jury. After the jury
    returned its verdict, the defendant's counsel renewed the mo-
    tion for a directed verdict of acquittal of first-degree murder,
    which the court denied. The defendant appealed.

    The Court of Appeals held:

    1. The decisions of the Court of Appeals in the previously
    considered appeals of the codefendants are not binding with

REFERENCES
Am Jur 2d, Criminal Law § 320; Homicide § 563.
See ALR Index under Double Jeopardy; Homicide.

respect to this appeal because those prior appeals were decided by unpublished opinions.

2. The fact that the trial court did not inform the jury that it had granted the defense motion for a directed verdict of acquittal of first-degree murder did not prevent its ruling from taking effect. The court's communication of its decision on the record to the prosecution and the defense made the ruling binding. The fact that the court intended to direct verdicts of acquittal is clear; indeed, the court acknowledged that it had made such a ruling. Accordingly, the court's subsequent reversal of its ruling had the effect of placing the defendant twice in jeopardy with respect to the charge of first-degree murder in violation of the defendant's constitutional right not to placed in double jeopardy.

3. The court's decision to hold in abeyance the question of the defense motion for a directed verdict was contrary to the mandate of MCR 6.419(A), which prohibits a court from reserving its decision with respect to a defense motion for a directed verdict of acquittal that is made at the close of the prosecution's case in chief and before a defendant's proofs.

4. The appropriate remedy under these circumstances where the jury improperly was allowed to consider the charge of first-degree murder and then returned a verdict of guilty of first-degree murder is to remand for entry of a conviction of second-degree murder, because the jury clearly found all the elements of second-degree and there was no possibility that the verdict returned by the jury was a compromise verdict.

Reversed and remanded.

1. CRIMINAL LAW — DIRECTED VERDICTS — DOUBLE JEOPARDY.

Jeopardy with respect to a particular charge terminates upon a trial court's indication on the record that a defense motion for a directed verdict of acquittal is granted, not upon the court's informing the jury that the court has directed a verdict of acquittal; constitutionally prohibited double jeopardy attaches where a trial court has indicated its intent to grant a defense motion for a directed verdict of acquittal and later reconsiders that ruling and permits the charge that was the subject of the ruling to go to the jury.

2. HOMICIDE — FIRST-DEGREE MURDER — SECOND-DEGREE MURDER — APPEAL.

The appropriate remedy on appeal where a defendant has been charged with, tried for, and convicted by a jury of first-degree murder under circumstances where the evidence does not support a finding of deliberation and premeditation, but did sup-

port second-degree murder, is to remand to the trial court for entry of a conviction of second-degree murder.

State Appellate Defender (by *Randy E. Davidson*), for the defendant on appeal.

Before: TAYLOR, P.J., and JANSEN and SMOLENSKI, JJ.

TAYLOR, P.J. Defendant appeals as of right from a jury conviction of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We reverse.

Defendant and two others were jointly tried as a result of a fatal shooting. Defendant, Marcus Hopkins, and Dameon Perkins, were all charged with open murder and felony-firearm. The charges were considered by two juries. The case against Perkins was considered by one jury, and a second jury considered the case against defendant and Hopkins. Perkins' jury convicted him of second-degree murder and felony-firearm. Defendant's and Hopkins' jury convicted Hopkins of involuntary manslaughter and felony-firearm. This same jury convicted defendant of first-degree murder and felony-firearm. Hopkins' and Perkins' convictions were affirmed on appeal in separate unpublished opinions. *People v Hopkins,* unpublished opinion per curiam of the Court of Appeals, issued October 20, 1995 (Docket No. 158133); *People v Perkins,* unpublished opinion per curiam of the Court of Appeals, issued November 21, 1995 (Docket No. 160177).

Defendant argues on appeal that his conviction of first-degree murder violated his constitutional right not to be placed twice in jeopardy, US Const, Am V; Const 1963, art 1, § 15. We agree.

At the close of the prosecutor's case, defense

counsel moved for a directed verdict of acquittal with respect to the charge of first-degree murder and asked the court to permit the jury to consider only the crime of second-degree murder. Similar motions were made by the codefendants. The prosecutor opposed the motions, arguing that the evidence was sufficient to establish first-degree murder when viewed in a light most favorable to the prosecution. The court then stated as follows:

> Well my impression at this time is that there's not been shown premeditation or planning in the, in the alleged slaying. That what we have at the very best is second-degree murder. . . . I think that second-degree murder is an appropriate charge as to the defendants.

The parties then discussed several housekeeping matters, including whether the different juries would be present during presentation of defendant's defense, how long witnesses were expected to testify, and the logistics of moving the juries and witnesses in and out of the courtroom. After the three defendants left the courtroom, the prosecutor asked if he could make a brief "restatement" in terms of the first-degree murder charge when the juries came back the next morning because he wanted to find some law relating to the matter at issue. The court said it would be glad to hear the prosecutor. The next morning the prosecutor argued that, on the basis of the evidence and the law, the jury should determine if first-degree murder had been established. At the conclusion of the prosecutor's arguments, defense counsel argued that the court had granted a directed verdict with regard to the first-degree murder charge the previous day and cited the constitutional prohibition against placing a defendant in double jeopardy. The court advised defense counsel that it had not

informed the jury "of any of these things." Defense counsel reiterated his contention that a decision had been made the previous day. The court said that it did not believe a court is precluded from reconsidering a decision already made if that decision has not been recited to the parties, particularly the jury. When counsel for Hopkins cited the Double Jeopardy Clause, the court said that it had not directed a verdict for anybody. Counsel for Hopkins then told the court that it had granted his motion. The court then stated: "Oh, I granted a motion but I have not directed a verdict." The prosecutor proceeded to present further argument in support of his position. The court then stated that it was going to consider the argument counsel had made and that no harm had come about by the "court's ruling earlier" because the jury had not been informed of "the conclusion this court drew" after arguments of counsel. The court then said that it was going to reserve ruling. Following that ruling, the defense presented its case, in which defendant called one witness and also testified in his own behalf. After all defendants had rested, the court said:

> I've reconsidered the ruling that the court earlier made and I've decided to let the jury make its own determination on the degrees.

Thereafter, the court submitted the first-degree murder charge against defendant to the jury, and he was found guilty of first-degree murder. After the jury returned its verdict, defense counsel renewed his motion for a directed verdict, which the court denied.

The propriety of the trial court's reconsidering its ruling that premeditation had not been shown, and allowing the jury to consider first-degree mur-

der, has previously been considered by the panels of this Court that affirmed the convictions of codefendants Hopkins and Perkins. The *Hopkins* and *Perkins* panels, in unpublished opinions, held that Hopkins' and Perkins' double jeopardy rights had not been violated. Because these opinions were not published, they are not binding on this panel. Administrative Order No. 1994-4 provides only that a panel of this Court must follow the rule of law established in a prior Court of Appeals' *published* decision issued on or after November 1, 1990, unless reversed or modified by the Supreme Court or a special panel of this Court. Further, MCR 7.215(C) provides that an unpublished opinion is not precedentially binding under the rule of stare decisis. While we believe that inconsistent results on appeal involving codefendants are undesirable, *People v Hayden,* 132 Mich App 273; 288-289, n 8; 348 NW2d 672 (1984), we are persuaded that defendant's constitutional right not to be placed twice in jeopardy was violated and, therefore, are compelled to reverse his first-degree murder conviction.

The prosecutor has not filed a brief on appeal to contest defendant's claim that his double jeopardy rights were violated. We can only assume that the prosecutor believes this Court will follow the analysis of the *Hopkins* and *Perkins* panels and find no double jeopardy violation. The *Perkins* panel found no double jeopardy violation, even though the trial court had indicated the proofs supported only second-degree murder, stating:

Since the trial court had never indicated to the jury that it was directing a verdict of acquittal on first-degree murder, there was no prejudice to defendant and, more importantly, defendant's double jeopardy rights were not violated.

This conclusion of the *Perkins* panel is not supported by any authority.

The *Hopkins* panel resolved the double jeopardy issue as follows:

> While the court expressed an opinion that ultimately would have ripened into a final ruling had nothing intervened and the court taken the issue from the jury, the court, before acting on its expressed opinion, agreed to hear further argument from the prosecutor regarding the issue. When the court recessed for the day, everyone was aware that the prosecutor was going to present further argument on the issue of first-degree murder the next morning, before defendants would proceed with their cases. The matter was addressed the next morning, and the court reconsidered its opinion earlier expressed, concluding that it would reserve ruling.
>
> Thus, the record indicates that the court expressed an opinion, and then before finalizing that opinion, agreed to entertain further argument. The court did not make a final ruling until it denied defendant's motion for directed verdict and submitted the case to the jury. We conclude the court was not barred from further consideration of the matter.

This conclusion in *Hopkins* is also not supported by any authority.

In *Smalis v Pennsylvania,* 476 US 140; 106 S Ct 1745; 90 L Ed 2d 116 (1986), the Supreme Court reiterated that a trial court's determination that the evidence is insufficient to convict is an acquittal under the Double Jeopardy Clause and that the Double Jeopardy Clause bars subjecting a defendant to post-acquittal fact-finding proceedings going to the guilt or innocence regarding such a charge. As explained below, we are convinced that the court granted a directed verdict of acquittal to

defendant regarding the first-degree murder charge and that the court's subsequent reversal of its decision resulted in post-acquittal fact-finding by the jury when the jury was allowed to consider the first-degree murder charge in violation of defendant's double jeopardy rights.

This Court's research has located several cases with facts similar to those of the case at bar that support our finding that defendant's double jeopardy rights were violated.

In *Brooks v Maryland,* 299 Md 146; 472 A2d 981 (1984), the Maryland Court of Appeals considered a case where the trial court granted a motion for a directed verdict and "shortly thereafter" the prosecutor asked the court to reconsider its ruling. After hearing further argument from the prosecutor, the trial court reversed the grant of a directed verdict and denied the motion. The appellate court reversed the defendant's jury conviction on double jeopardy grounds, stating:

> He [the judge] was belatedly persuaded in the light of the prosecution's tardy argument that the issue was for the jury. . . . [B]oth the State's argument and the judge's new ruling came too late. Once a trial judge intentionally acquits a defendant of a criminal offense over which the court has jurisdiction, the prohibition against double jeopardy does not permit him to change his mind. The grant of the motion for judgment of acquittal was a bar to further criminal proceedings on the same charge. [*Id.,* p 155.]

In *Lowe v Kansas,* 242 Kan 64; 744 P2d 856 (1987), the Kansas Supreme Court considered a case where the trial court, outside the jury's presence, dismissed a charge on the basis of insufficient evidence after the state had rested its case. The following morning, the trial court reversed its

earlier ruling and reinstated the charge. The appellate court reversed the defendant's jury conviction, citing *Smalis* and stating:

> The reinstatement of the theft charge the next day and its submission to the jury constituted "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged" which, under *Smalis,* constituted a violation of the prohibition against double jeopardy. [*Id.,* p 67.]

In *People v Lerner,* 128 AD2d 641; 512 NYS2d 886 (1987), the New York Supreme Court, Appellate Division, considered a case where the trial court granted a motion for a directed verdict of a kidnapping count. At the start of the trial the following day, the prosecutor moved to reargue the motion. The trial court allowed the prosecutor to reargue the motion and then reserved decision on the defendant's motion. The appellate court reversed the defendant's jury conviction, stating:

> The trial order of dismissal granted at the conclusion of the People's case or at the conclusion of all of the evidence is "tantamount to an acquittal" (*People v Zagarino,* 74 AD2d 115, 120; 427 NYS2d 40), and to allow reargument of such an order and the submission of a count previously dismissed pursuant thereto to a jury, would clearly violate the constitutional prohibition against double jeopardy. [*Id.,* p 644.]

In *People v Strong,* 129 Ill App 3d 427; 472 NE2d 1152 (1984), the Illinois Court of Appeals considered a case where the trial court granted a motion for a directed verdict at the close of the state's case. The following day the prosecutor asked the trial court to reconsider its decision, at which time the court rescinded its previous deci-

sion and submitted the matter to the jury. The appellate court reversed the defendant's jury conviction, stating:

> Although as the State argues, and we confirm, the court erred in directing the verdict of acquittal on the home invasion charge, it is well settled that the legal effect of the directed verdict was to bar, under double jeopardy principles, the vacation or reversal of that verdict. Unquestionably, the allowance of defendants' motion for a directed verdict on the home invasion charge at the close of the State's case constituted a final adjudication on the merits of that charge. A trial court, therefore, may not withdraw an order directing a verdict and permit the jury to make a finding on the charge. [*Id.*, pp 430-431 (citations omitted).]

In *Arizona v Millanes,* 180 Ariz App 418; 885 P2d 106 (1994), the trial court granted a motion for acquittal. The prosecutor twice sought to have the court reconsider the acquittal. After a recess, the court reversed its earlier ruling. The Arizona Court of Appeals reversed the defendant's jury conviction, citing *Smalis,* and the Kansas Supreme Court's decision in *Lowe,* on the basis that the trial court's reversal of its earlier grant of an acquittal violated the defendant's right not to be placed twice in jeopardy.

The fact that the trial court in the case at bar did not inform the jury that it had directed a verdict of not guilty with regard to the first-degree murder charge did not prevent its ruling from taking effect. *Lowe, supra.* Indeed, in *Lowe,* the Kansas Supreme Court, on the basis of *Smalis,* overruled its prior decision in the *Lowe* case that had cited a lack of prejudice to the defendant in that no intervening proceedings had taken place before the jury when the trial court reversed its earlier grant of an acquittal.

The trial court communicated its decision directing a verdict of acquittal with respect to the first-degree murder charge to the prosecutor, all three defense counsel, and all three defendants. This made the court's ruling binding.

We reject any suggestion that the trial court did not actually direct a verdict of acquittal with respect to the first-degree murder charge after hearing the arguments of counsel. While the court's words, "Well, my impression at this time," may be somewhat ambiguous, the court's following statement, "What we have at the very best is second-degree murder," is not ambiguous. The next morning, the court acknowledged that it had granted the motions for a directed verdict. In deciding to reserve ruling, the court referred to the "ruling" it had made earlier, and in submitting the first-degree murder charge to the jury, the court said it had reconsidered the "ruling" it had previously made.

The trial court's characterization of its actions is not controlling, *People v Anderson,* 409 Mich 474, 486; 295 NW2d 482 (1980), but it does support our conclusion that the court directed a verdict of acquittal with respect to the first-degree murder charge. The trial court's claim that it had not directed a verdict (apparently on the basis that it had not informed the jury of its decision), even though it had granted motions for a directed verdict, was contradictory and was based on an irrelevant consideration. The trial court's ruling was not inadvertent or a slip of the tongue, see *Pugh v Maryland,* 271 Md 701; 319 A2d 542 (1974), but was a decision made after hearing arguments from four attorneys. Nor was there merely a continuing discussion on the record, see *Arizona v Newfield,* 161 Ariz App 470; 778 P2d 1366 (1989), or mere ruminating by the court. The court made a ruling

that it later reconsidered. However, once the court rendered its ruling on the record directing a verdict of acquittal with respect to the first-degree murder charge, double jeopardy principles forbade it from changing its mind and allowing the jury to consider a first-degree murder charge. The court's reversal of its directed verdict resulted in further proceedings in which the jury resolved factual issues concerning the elements of first-degree murder contrary to defendant's right not to be placed twice in jeopardy regarding the first-degree murder charge. *Smalis, supra.*

We also find that MCR 2.604(A) is inapplicable. This court rule states that an order or decision adjudicating fewer than all claims is subject to revision before entry of final judgment adjudicating all the claims. We believe MCR 2.604(A) applies only to civil actions and is therefore inapplicable. MCR 6.001(D)(2). Assuming, arguendo, that MCR 2.604(A) does apply to criminal cases, we find that it would, in the case at bar, be unconstitutional. A trial court's determination of insufficient evidence producing a directed verdict of acquittal terminates jeopardy with respect to that particular charge. *Vanderbilt v Collins,* 994 F2d 189, 195 (CA 5, 1993). Once jeopardy has terminated regarding a particular charge, double jeopardy protections forbid further proceedings, such as jury deliberations, relating to that charge. *Smalis, supra; Lowe, supra.*

We further note that the trial court violated MCR 6.419(A). This court rule states:

Before Submission to Jury. After the prosecutor has rested the prosecution's case in chief and before the defendant presents proofs, *the court* on its own initiative may, or *on the defendant's motion must, direct a verdict of acquittal on any charged offense as to which*

*the evidence is insufficient to support conviction. The court may not reserve decision on the defendant's motion.* If the defendant's motion is made after the defendant presents proofs, the court may reserve decision on the motion, submit the case to the jury, and decide the motion before or after the jury has completed its deliberations. [Emphasis added.]

After initially granting defendant's motion, the trial court decided to reserve ruling. However, the court rule quite clearly forbade the court from reserving its decision with respect to defendant's motion. The trial court's subsequent denial of defendant's motion after defendant had testified was a violation of the court rule. At the time defendant gave his testimony, he did not know if he faced a charge of first-degree murder or second-degree murder. However, pursuant to MCR 6.419(A), defendant was entitled to know the most serious charge he faced before he testified on his own behalf.

Defendant's claim that the trial court erred when it ultimately denied his motion for a directed verdict of acquittal with respect to the first-degree murder charge is moot, given this Court's resolution of the double jeopardy issue.

We also reject defendant's claim that he is entitled to a new trial or to an order remanding the matter to the trial court so he can move for a new trial based upon an affidavit he submitted. MCR 2.611(A)(1)(f); *People v Bradshaw,* 165 Mich App 562, 567; 419 NW2d 33 (1988).

We are satisfied that the appropriate remedy is to remand for entry of a conviction of second-degree murder and resentencing. If defendant had been convicted of second-degree murder, when the jury was improperly allowed to consider a first-degree murder charge, he would be entitled to a

new trial on a second-degree murder charge because of the possibility of jury compromise. *People v Vail,* 393 Mich 460, 463-464; 227 NW2d 535 (1975). However, in the case at bar, there was no compromise verdict because defendant was convicted of the most serious charge and the evidence established that defendant was guilty of second-degree murder. Under such circumstances, entry of a conviction of second-degree murder is the appropriate remedy. *People v Hoffmeister,* 394 Mich 155, 161-162; 229 NW2d 305 (1975).

Reversed and remanded for entry of a conviction of second-degree murder and for resentencing.